Nov. Term,
1846.

MASKILL *v.* THE STATE.

MASKILL
. v.
THE STATE.

It is not sufficient in an indictment under the statute prohibiting the cutting *down* of any timber-trees, &c., to charge that the defendant cut a certain timber-tree, &c.

ERROR to the *Bartholomew* Circuit Court.

Monday,
December 21.

PERKINS, J. — This was an indictment for unlawfully cutting timber upon land belonging to the *United States.* Motion to quash overruled; plea, not guilty; conviction and fine by the Court.

The indictment charges that *Samuel Maskill,* on, &c., at, &c., "did then and there unlawfully cut a certain timber-tree, to wit, one oak tree," &c., "for the purpose of making merchandise of the same," &c. It does not show that the tree alleged to have been cut was removed or converted into merchandise. The section of the statute (R. S. 1843, s. 73, p. 976) upon which this indictment is based, enacts that "every person who shall cut *down* or remove any timber-trees," &c., shall be liable, &c. It is objected to this indictment that it does not charge the offence created by the statute; and that depends upon the simple question whether the allegation that "he cut" a timber-tree, &c., is identical in meaning with this, that "he cut *down*" a timber-tree, &c. Under the rules of strict construction applicable to criminal statutes, we think we cannot regard the two expressions as possessing an equally extensive signification. It is certainly true that a man may "cut" a tree with intent to make merchandise of it, without cutting it "down." Before proceeding that far, he may abandon both the cutting and intention, and consequently may be guilty as charged in this indictment, without having committed the offence created by the statute. The indictment should have substantially at least, if not literally, followed the language of the statute creating the offence. We think it does not.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*H. H. Barbour,* for the plaintiff.

*A. A. Hammond,* for the state.