*S. Stansifer* and *R. Hill*, for the appellants.

*Jer. Sullivan* and *C. E. Walker*, for the appellee.

*Nov. Term, 1861.*

BUCKINGHAM
v.
THE STATE.

---

## BUCKINGHAM v. THE STATE.

Information charging that the defendant failed and refused to take and subscribe an oath attached to a certain tax list, known as "Statement No. 1," when the same was presented to him by the assessor on, &c.

*Held*, that no offense was charged in the information, the character of the affidavit which the defendant refused to sign not being shown with sufficient certainty.

APPEAL from the *Cass* Common Pleas.

WORDEN, J.—Information against the appellant. Motion to quash overruled, and exception. Trial, conviction and judgment.

*Saturday, December 7.*

In this case we find no brief, but it was submitted in 1855, the record in the mean time having been mislaid, and we have reason to believe a brief for the appellant was once filed; we therefore examine the errors assigned, without the aid of a brief; the first of which is that the Court erred in refusing to quash the information.

The information charges, that "on *April* 6, 1855, at *Eel* township, *Cass* county, and State of *Indiana*, the defendant,

Nov. Term, 1861.

BUCKINGHAM
v.
THE STATE.

of full age, over twenty-one years old, a man of sound mind, a resident of said township, and liable to be taxed therein, did then and there unlawfully refuse and fail to take and subscribe an oath (affidavit) attached to a certain tax list, known and called 'Statement No. 1;' said tax list Statement No. 1, was then and there presented to said *Buckingham* by *John H. Herbert,* the lawful assessor of said township, duly elected and qualified, between *January* 1 and *May* 1, 1855, and the said assessor then and there requested the said *Buckingham* to take and subscribe said oath (affidavit) attached to said tax list Statement No. 1, but the said *Buckingham* then and there refused and failed to do so, as aforesaid mentioned, at the time and place aforesaid."

The most that we can make of the charge is, that the defendant refused to take an oath which was attached to a certain tax list, known as Statement No. 1.

The information, we suppose, was intended to be based upon § 77 of the act defining and punishing misdemeanors, (2 R. S. 1852, p. 446,) which makes it an offense for a person, when requested, &c., to "fail to give a true list of all his taxable property, or to take and subscribe any oath in that behalf, as required by law."

The 23d section of the act on the subject of the assessment and collection of taxes, (1 R. S. 1852, p. 109,) requires two statements of property subject to taxation to be made out; to the first of which a prescribed affidavit of the tax payer is required to be attached. Now it does not appear from the information that the affidavit which the defendant refused to make was such as was "required by law." The affidavit is not set out, nor is there any thing to show the nature and character of the oath refused. We can not infer that because the affidavit was attached to the statement, that it was such an affidavit as the statute requires. Nor is it alleged that the defendant refused to make any affidavit at all. The allegation is that he refused to make the particular affidavit which was attached to the statement. There may have been good reasons for not making the affidavit tendered. It may not have been such as the law required, or it may not have been true.

We are of opinion that no offense is charged in the information, and that the motion to quash should have prevailed.

*Per Curiam.*—The judgment is reversed.

*D. D. Pratt* and *S. C. Taber*, for the appellant.

*D. C. Chipman*, for the State.