Bates *v.* The State.

———o———

BATES *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—Where a statute in a criminal case is not to be taken in the broad meaning of the words used, but to be limited by construction to a special subject or matter, it is proper that an indictment thereunder should not charge the crime in the language of the statute simply, but should limit the case and bring it within the construction placed upon the statute.

SAME.—*Trespass to Land.*—An indictment, under section 14, 2° G. & H. 462, for removing a quantity of valuable gravel from the land of another, should show the property removed to have been a part of the realty.

SAME.—*Construction of Statute.—Words.*—The words "remove from" in this section have not a technical meaning authorizing, in such a case, the implying of an averment that the thing removed was a part of the realty.

APPEAL from the Marion Criminal Circuit Court.

RAY, J.—This was an indictment for trespass to lands. The indictment alleged, that the defendant did, on, &c., unlawfully take and remove from the land belonging to Deborah Bacon, in the county of Marion, forty-five cubic yards of gravel, of the value of six dollars.

A motion to quash was overruled.

The statute provides, that any person, who shall cut down or remove from any land belonging to another, without license so to do from competent authority, "any tree, stone, timber, or other valuable article, shall be deemed guilty of a trespass, and upon conviction shall be fined in five times the value of such property, to which may be added imprisonment." 2 G. & H. 462.

This language is certainly broad enough to cover the removal of personal property from the land of another, and yet such an act has never been treated in any state as a misdemeanor, unless it was taken under such circumstances as would render the act a larceny. It is no more a misdemeanor to remove personal property from the land of another than from any other place. It is the taking that the law regards as the crime, if felonious, not the trespass, unless the thing taken be part of the realty, when it is punished, even without the criminal intent to retain the thing removed. Such statutes have always been held to apply only where the removal was of something forming part of the realty, and which would pass as such upon a sale of the premises.

Now, where a statute in a criminal case is not to be taken in the broad meaning of the words used, but limited by construction to a special subject or matter, it is proper that

an indictment should charge the crime, not in the language of the statute simply, but limit the case and bring it within the construction placed upon the act. The law may be construed according to the evident intent and purpose of the legislature, but an indictment cannot be thus modified.

Nor have the words "remove from" any technical meaning authorizing us to imply an averment that the thing removed was a part of the realty. The same form is used in regard to the removal of the body of a person deceased from a burying ground, or forcibly taking goods from the person.

It was therefore necessary, in the opinion of a majority of the court, that the indictment in this case should have shown the property removed to have been a part of the realty. It may have been a pile of gravel hauled from other lands and placed there for sale; and if so, it would have simply been regarded as personal property, and there would have been no offense, under the statute cited, in its removal, any more than in the removal of a wagon from the land. An averment that the gravel was in place, or constituted a part of the land, would have avoided this objection.

The motion to quash should have been sustained.

On the trial, there was an agreement as to the facts, but no statement is made by which we can determine whether the gravel was personal property or a part of the realty. The statement of facts shows that a gravel road was being built upon this land, and, for aught that appears, the gravel may have been brought upon the land for the very purpose of a sale to the gravel road company, of which the defendant was president.

There was no argument for the State.

Judgment reversed, and cause remanded, with directions to sustain the motion to quash.

ELLIOTT, C. J.—I cannot concur in the opinion of my brother judges in holding the indictment in this case bad, and will state briefly the grounds of my dissent.

It is a general rule in criminal pleadings, which has been too often recognized by this court to require a reference to the cases, that where the particular act or acts constituting the offense are clearly defined by the statute, it is sufficient to charge the offense in the language of the statute. Here the statute declares, that any person "who shall cut down or remove" from any land belonging to another, without license so to do from competent authority, "any tree, stone, timber, or other valuable article, shall be deemed guilty of a trespass," &c., and the indictment alleges, that the defendant did, on, &c., "unlawfully take and remove from the land of Deborah Bacon, in the county of Marion, forty-five cubic yards of gravel, of the value of six dollars," &c. The offense is clearly defined by the statute, and is charged in the indictment in the same language.

But it is said, that it was not intended to make the removal of every species of personal property, without the consent of the owner, a criminal offense; nor do I claim for the statute so broad a construction. It prohibits the removal from the land, of any tree, stone, timber, or other valuable article. This language evidently requires that the article removed should, in some sense, pertain to the land itself, and hence would not include a wagon or other manufactured article, or live stock. The article removed must pertain to, and be removed from, the land, to bring the case within the purview of the statute.

If this is the proper construction of the words "remove from the land," as used in the statute, then the same language, when used in the indictment, and in reference to the same thing, is entitled to precisely the same construction. Gravel is an article pertaining to land, and ordinarily forms a part of it, and an allegation that it is taken from the land necessarily implies a severance. This being the reasonable and fair construction of the language of the indictment, to have limited that language by further averment would have been unnecessary.

In my judgment, the indictment is good, and the motion to quash was properly overruled.

*M. M. Ray, J. W. Gordon,* and *W. March,* for appellant. *D. E. Williamson,* Attorney General, for the State.