## STRIBBLING v. THE STATE.

CRIMINAL LAW.—*Trespass upon Lands.*—*Indictment.*—An indictment for trespass upon lands, charging the defendant with having removed a certain number of rails "from a fence standing upon the lands" of a person named, is not equivalent to an indictment charging a removal of such rails from such lands, and is therefore bad on motion to quash.

From the Jennings Circuit Court.

*E. P. Ferris*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—Indictment against Stribbling for trespass, under section 14, 2 R. S. 1876, p. 463. The part of the section upon which the indictment is founded, is as follows: "Every person   *   *   * who without such license shall cut down or remove from any such lands or from lands belonging to the United States, any tree, stone, timber, or other valuable article, shall be deemed guilty of a trespass, and upon conviction shall be fined,"etc.

The effective words in the indictment are as follows: "That one Silas Stribbling, late of said county, on the 10th day of April, A. D. 1875, at said county and State, did then and there unlawfully remove two hundred and eighty rails, from a fence standing upon the lands of one Frederick C. Brougher, situate in the said county of Jennings; the said rails, then and there, being the property of said Frederick C. Brougher, and, then and there, being of the value of five dollars; he, the said Stribbling, not, then and there, having license so to do."

A motion to quash the indictment, made by the appellant, was overruled by the court, and exceptions taken; and this ruling, we think, presents the decisive question in the case. Further proceedings were had, resulting in a conviction of the appellant, from which he appeals.

The sufficiency or insufficiency of an indictment may be tested by the answer to the following question: Can the facts, properly alleged in the indictment, be true, and

the defendant innocent of the offence intended to be charged against him? If the answer must be in the affirmative, the indictment is bad; if in the negative, the indictment is good. Tested by this rule, the indictment before us is bad. The allegation that the appellant "did then and there unlawfully remove two hundred and eighty rails, from a fence standing upon the lands," is not —even admitting it to be sufficiently shown that the rails were, at the time, a part of the realty—the equivalent of the averment that the appellant " did then and there unlawfully remove, 'from any such lands,' two hundred and eighty rails in a fence," etc. Removing the rails from the fence, does not fairly mean that they were removed from the land, according to the statute. If they had been removed but from one panel of the fence to another, or simply thrown upon the ground, the indictment would be true, yet no punishable offence committed. The averment in this indictment is not sufficient in criminal pleading. *Maskill* v. *The State*, 8 Blackf. 299 ; *Bates* v. *The State*, 31 Ind. 72. We think the court erred in overruling the motion to quash the indictment.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion to quash the indictment.