## Manheim v. The State.

CRIMINAL LAW.—*Billiards.*—*Suffering Minors to Congregate.*—*Indictment.*— *Constitutional Law.*—*Title of Act.*—*Public Place.*—An indictment charged. that, on, etc., at, etc., the defendant, "having the care, management and control of certain billiard tables, then and there kept in a public billiard hall, did then and there unlawfully suffer and permit" certain minors named "to then and there unlawfully congregate at, in and about said public billiard hall, wherein the said billiard tables were so kept," etc. *Held*, that the indictment is sufficient.

*Held*, also, that the subject-matter of section 2 of the act of March 12th, 1873, 2 R. S. 1876, p. 484, is properly embraced in the title of the act.

*Held*, also, that the words "public billiard hall," used in the indictment, indicate a public place where billiard tables were kept to be used in playing billiards.

From the Kosciusko Circuit Court.

*L. H. Haymond* and —— *Royse*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

Howk, J.—The indictment against the appellant in this case was, in substance, as follows :

" The grand jurors for the county of Kosciusko, in the State of Indiana, upon their oaths charge and present, that Marks Manheim, on the tenth day of November, in the year eighteen hundred and seventy-eight, and on divers other days and times between that day and the day of the making of this presentment, at said county, having the care, management and control of certain billiard tables, then and there kept in a public billiard hall, did then and there unlawfully suffer and permit Franklin Upson, Solomon Shane, Charles Kirtley, William Kirtley, Harry Hutton, Charles Nye, William Nye, John Millia, Charles Millia and George Ritter, persons then and there minors and under the age of twenty-one years, to then and there unlawfully congregate, at, in and about said public billiard hall, wherein said billiard tables were so kept, contrary to the form of the statute," etc.

The appellant's motion to quash this indictment was overruled by the court, and to this decision he excepted. Upon arraignment, the appellant, for plea to said indictment, said that he was guilty, as therein charged, and thereupon, a jury having been waived, the court assessed a fine against him, and rendered judgment accordingly.

The decision of the circuit court in overruling his motion to quash the indictment is the only error assigned by the appellant in this court.

The offence for which the appellant was indicted is defined, and the punishment therefor is prescribed, in section 2 of an act entitled "An act making it unlawful for owners and proprietors of billiard tables to suffer or permit minors to play at or upon the same, or to suffer or permit minors to congregate at and about such billiard tables, and providing penalties for the violation of this act," approved March 8th, 1873. This section 2 of said act reads as follows :-

" Sec. 2. That any person owning, or having the care, management, or control of any billiard table or tables, bagatelle table or pigeon-hole table kept in any saloon, hotel or other public place, who shall suffer or permit minors to congregate at, in and about such place where such billiard table or tables, bagatelle table or pigeon-hole table may be kept, shall, for each offence, be fined in any sum not less than twenty-five dollars, nor to exceed five hundred dollars." 2 R. S. 1876, p. 484.

It is claimed by the appellant's counsel, in argument, that the offence for which the appellant was indicted and fined in this case, although it is accurately defined in section 2, above quoted, of the above entitled act, is not embraced in or covered by the title of the act. For this reason counsel insist that so much of section 2 as provides that any person, "having the care, management, or control of any billiard table or tables," who shall violate the provisions of said section, shall be punished as therein provided for, is unconstitutional and void, because it is outside of, and is not expressed in, the title of the act. It is said, that " the clear intent of the Legislature, as gathered from the title when considered by itself, is, that the inhibition should extend only to *owners* and *proprietors* of billiard tables. Nothing is said in this title about the persons ' having the care, management, or control ' of billiard tables ; this latter subject is not mentioned in the title.

The second section of this act, however, goes farther than the title, and not only includes owners, but extends the act so as to take in persons having the ' care, management, or control ' of billiard tables.  In so far, then, as this section makes it criminal for' persons ' having the care, management, or control' of billiard tables to suffer or permit minors to congregate at the place where they are kept, it must be regarded as unconstitutional, because this subject is not embraced in the title of the act."

This is the argument of the appellant's learned attorneys, on the point now under consideration.  It places a narrow and illiberal construction upon a statute which, we think, should be generously and liberally construed. " The clear intent of the Legislature," as it seems to us, as gathered both from the title and the body of the act, was to prevent boys and unfledged youths from being misled, by fascinating and seductive games, into the paths of vice and immorality.  Such a statute, for such a purpose, should be upheld and enforced by the courts, and should receive a liberal and enlarged, rather than a narrow and contracted, construction.  We think that it may well be said, that a person " having the care, management, or control " of a billiard table, has such a property in the table as would make him an " owner and proprietor " of the billiard table, within the purview and meaning of those words as used in the title of the above entitled act, and as would legally subject him, for any violation of the provisions of section 2 of said act, to the penalties thereof.  The statute is not, nor is any of its provisions, unconstitutional and void, by reason or on account of any supposed defect in the title of the act.

One other point is made by the appellant's counsel, in regard to section 2 of the above entitled act, which, it seems to us, is not involved in nor presented by the indictment, in the case now before us.  It is provided in said

section, that any person owning, etc., any billiard table, etc., " kept in any saloon, hotel or other public place, who shall suffer or permit minors to congregate at, in and about such place," etc., " shall for each offence be fined," etc. It is said by the appellant's attorneys, and we think correctly so, that, although the language used in this section, in so far as the *locus in quo* is concerned, is broad enough to include any place where billiard tables, etc., might be kept, even on sale or temporarily and not for the purpose of playing thereon, yet it was the intention of the legislature to include only such public places as billiard tables, etc., might be kept in, for the purposes of playing thereon. Therefore, it would be necessary, we think, in a prosecution for a violation of the provisions of section 2 of the above entitled act, that the indictment or information should show, by apt words or phrases, that the public place, at, in and about which the person charged suffered or permitted minors to congregate, was a public place, wherein billiard tables, etc., were kept for the purposes of playing thereon. This has been shown, clearly and unequivocally, as it seems to us, in the indictment in the case at bar, by the use of the phrase, " public billiard hall," in the description of the public place at, in and about which it was charged that the appellant suffered and permitted certain named minors to congregate. In common parlance, the phrase, " public billiard hall," clearly means a public place or hall, wherein billiard tables are kept for the purpose of playing thereon. We recognize the correctness of the rule contended for by the appellant's counsel, that, " where a statute in a criminal case is not to be taken in the broad meaning of the words used, but limited by construction * *, it is proper that an indictment should charge the crime, not in the language of the statute simply, but limit the case and bring it within the construction placed upon the act." *Bates* v. *The State,* 31

Ind. 72. This rule, however, has been fully complied with, we think, in the indictment in this case.

In our opinion, the court did not err in overruling the appellant's motion to quash the indictment.

The judgment is affirmed, at the appellant's costs.

### ON PETITION FOR A REHEARING.

PERKINS, J.—The petition for a rehearing of this case is overruled. The constitutional provision supposed to be violated by the act is, that " Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title."