No. 8648.

## LOSE v. THE STATE.

CRIMINAL LAW.—*Pleading.*—*Indictment.*—*Failure to Give True Tax-list.*—
An indictment charging a person with failing to give a true list of all
his taxable property for the year 1878, when requested by the assessor
of a certain township, by omitting from such list certain specified prop-
erty, is not good, unless it charge that the party, at the time, was of full
age and sound mind, and a resident of the township, and that he was
the owner of the property named, on the 1st day of April, 1878.

TAXES.—*Personal Property.*—*Where Listed.*—Personal property follows
the person of the owner, and must be listed for taxation in the town-
ship where the owner resides.

From the Dearborn Circuit Court.

*J. Schwartz*, for appellant.

*D. P. Baldwin*, Attorney General, *A. Williams*, Pros-
ecuting Attorney, and *W. W. Thornton*, for the State.

HOWK, J.—At the November term, 1878, of the court be-
low, the grand jury of Dearborn county returned into court
an indictment which charged "that one John Lose, late of
said county, on the 19th day of May, A. D. 1878, at said
county and State, did, when requested by the assessor of Law-
renceburgh township, Dearborn county, Indiana, for the year
1878, then and there fail to give a true list of all his taxable
property, to wit, one promissory note given by the Law-
renceburgh Furniture Manufacturing Company, for the sum
of eight hundred dollars, to said John Lose, dated January
8th, 1878, payable one year after date, bearing eight per
cent. interest from date, of the value of eight hundred dollars,
and, also, one first mortgage bond given and issued by the
Dearborn Furniture Manufacturing Company, of the value
of one thousand dollars, a more specific and particular de-
scription of said note and bond the grand jury, from the ev-
idence adduced before them, can not give; but all of which
was then and there the property of the said John Lose, and
of the value hereinbefore mentioned and fixed, contrary to
the form of the statute."

The appellant moved the court to quash the indictment, which motion was overruled, and to this decision he excepted. · Upon arraignment, and his plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding the appellant guilty, and assessing his fine in the sum of five dollars. Over his motion in arrest of judgment and his exception saved, the court rendered judgment on the verdict.

In this court the appellant has assigned as errors the decisions of the circuit court, in overruling his motion to quash the indictment, and his motion in arrest of judgment. It will be seen, therefore, that the only questions for decision relate to the sufficiency of the indictment.

From the language of the indictment, it may be fairly inferred, we think, that it was intended thereby to charge the appellant with the commission of one of the misdemeanors which are defined, and the maximum of their punishment prescribed, in section 77 of the misdemeanor act of June 14th, 1852. This section reads as follows: ·

"Sec. 77. If any person when requested by the assessor, or any of his deputies, fail to give a true list of all his taxable property, or to take and subscribe any oath in that behalf, as required by law, or shall fix a fraudulent value where an oath is not required on such property, such person upon conviction, shall be fined not exceeeding five hundred dollars." 2 R. S. 1876, p. 481.

It will be observed that this section of the statute declares three different offences, the first two of which are alike clearly qualified and controlled by the words, "as required by law," immediately following, and constituting an essential part of, the description of each of the said first two offences. In the case at bar, the indictment was evidently framed with the view, and for the purpose, of charging the appellant with the commission of the first offence declared and defined in the above quoted section. But it seems to

us that the indictment is radically and fatally defective in these two particulars : 1. It does not show that the appellant was required by law to give the assessor of Lawrenceburgh township "a true list of all his taxable property," or of the property described in the indictment; and, 2. It fails to show that the particular property was required by law to be listed by the appellant, when he was requested by the assessor, as alleged, for the year 1878. Under the provisions of sections 15 and 17 of the assessment law of December 21st, 1872, which were in force at the time mentioned in the indictment, we are of the opinion that, for the purpose of showing that the appellant was required by law to give the assessor of Lawrenceburgh township, when requested by him, a true list of all his taxable property, the indictment ought to have charged that the appellant, at the time named therein, was a person of full age and sound mind, and a resident of said township ; and that, for the purpose of showing that the particular property, described in the indictment, was required by law to be listed by the appellant, for the year 1878, the indictment ought to have averred that he was the owner of that particular property on the 1st day of April, 1878. *Buckingham* v. *The State,* 17 Ind. 305.

In *Stribbling* v. *The State,* 56 Ind. 79, this court said : "The sufficiency or insufficiency of an indictment may be tested by the answer to the following question: Can the facts, properly alleged in the indictment, be true, and the defendant innocent of the offence intended to be charged against him? If the answer must be in the affirmative, the indictment is bad ; if in the negative, the indictment is good." Applying this test to the indictment in the case now before us, it will be readily seen, we think, that it is clearly bad ; for all the facts charged in the indictment might be strictly and literally true, and yet the appellant be innocent of the offence intended to be charged against him.

If, at the time named in the indictment, the appellant was not a resident of Lawrenceburgh township, but was a resident of another township in Dearborn county, or in any other county, in this State, it would seem to be clear, that, under the assessment law, he would not be required by law to list the property, named in the indictment, in Lawrenceburgh township ; for such property would follow the person of the appellant, and the law would require that he should list the property for taxation, in the township, in this State, in which he resided. Or, if the property described in the indictment were not owned by the appellant on the 1st day of April, 1878, but acquired subsequent to that day, it might be well that the law would not require him to list that property for taxation, for that year, even if he resided in Lawrenceburgh township.

Our conclusion is, that the facts alleged in the indictment are not sufficient to charge the appellant with the commission of the misdemeanor intended to be charged against him, and that those facts, therefore, did not, and do not, constitute a public offence. The court erred, we think, in overruling the motion to quash the indictment.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion to quash the indictment.