### John Lose v. The State of Indiana.

#### STATEMENT.

Appellant was indicted in November, 1878, for not having listed for taxation that year, a certain promissory note and a mortgage bond, which were described in the indictment. He was found guilty of the misdemeanor, and fined five dollars. He had first moved to quash the indictment, and after verdict had moved in arrest of judgment. The question involved was the sufficiency of the indictment.

1. *Allegations of Indictment for not Listing Taxable Property.*—Held, that the indictment herein was fatally defective, because it did not show that the appellant was under obligation of law, to list the property in the township named, by reason of his residence therein, and of his ownership of the property on the first day of April preceding the listing of property for taxation that year. It would also have alleged that he was of full age and sound mind.

2. *How to Test an Indictment.*—If the facts alleged may be true, and yet the accused be innocent of the offense charged, the indictment is bad; otherwise ,good.

Filed March 31, 1881.

Appeal from Dearborn.

Opinion of the court by Mr. Justice Howk.

From the language of the indictment it may be fairly inferred, we think, that it was intended thereby to charge the appellant with the commission of one of the misdemeanors, which are defined, and the maximum of their punishment prescribed, in section 77 of the misdemeanor act, of June 14th, 1852. This section reads as follows :

Sec. 77. If any person when requested by the assessor, or any of his deputies, fail to give a true list of all taxable property, or to take and subscribe any oath in that behalf, as required by law, or shall fix a fraudulent value, where an oath is not required, on such property, such person, upon conviction, shall be fined not exceeding five hundred dollars." 2 R. S. 1876, p. 481.

It will be observed, that this section of the Statute declares three different offenses, the first two of which are alike clearly qualified and controlled by the words, "as required by law," immediately following, and constituting an essential part of the description of each of the said first two offenses. In the case at bar, the indictment was evidently framed with the view, and for the purpose, of charging the appellant with the commission of the first offense, declared and defined in the above quoted section. But it seems to us, that the indictment is radically and fatally defective in these two particulars :

1. It does not show that the appellant was required by law to give the assessor of Lawrenceburgh township, "a true list of all his taxable property," or of the property described in the indictment; and 2d. It fails to show that the particular property was required by law to be listed by the appellant, when he was requested by the assessor, as alleged, for the year 1878. Under the provisions of sections 15 and 17 of the assessment law of December 21st, 1872, which were in force at the time mentioned in the indictment, we are of the opinion that, for the purpose of showing that the appellant was required by law to give the assessor of Lawrenceburgh township, when requested by him, a true list of all his taxable property, the indictment ought to have charged that the appellant, at the time named therein, was a person of full age and sound mind, and a resident of said township; and that, for the purpose of showing that the particular property described in the indictment, was required by law to be listed by the appellant, for the year 1878, the indictment ought to have averred that he was the owner of that particular property, on the first day of April, 1878. *Buckingham* vs. *The State*, 17 Ind., 205.

In *Stribbling* vs. *The State*, 56 Ind., 79, this court said "The sufficiency or insufficiency of an indictment, may be tested by the answer to the following question: Can the facts, properly alleged in the the indictment be true, and the defendant be innocent of the offense intended to be charged against him." If the answer must be in the affirmative, the indictment is bad; if in the negative, the indictment is good." Applying this test to the indictment, in the case now before us, it will be readily seen we think, that it is clearly bad; for all the facts charged in the indictment, might be strictly and literally true, and yet the appellant be innocent of the offense intended to to be charged against him. If, at the time named in the indictment, the appellant was not a resident of Lawrenceburgh township, but was a resident of another township, in Dearborn county, or in any other county in this State, it would seem to be clear that, under the assessment law, he would not be required by law to list the property, named in the indictment, in Lawrenceburgh township; for such property would follow the person of the appellant, and the law would require that he should list the property for taxation in the township in this State in which he resided, or, if the property described in the indictment were not owned by the appellant on the first day of April, 1878, but acquired subsequent to that day, it might well be that the law would not require him to list that property for taxation, for that year, even if he resided in Lawrenceburgh township.

Our conclusion is, that the facts alleged in the indictment are not sufficient to charge the appellant with the commission of the misdemeanor intended to be charged against him; and that those facts, therefore, did not and do not constitute a public offense. The court erred, we think, in overruling the motion to quash the indictment.

The judgment is reversed; and the cause is remanded with instructions to sustain the motion to quash the indictment.