## BOWLES *v.* THE STATE.

Information charging that the defendant, on, &c., at, &c., did "unlawfully bring into the state of *Indiana*, and into *Orange* county, a negro woman, whose name is *Polin*, and then and there encouraged said negro woman to remain and continue here," &c.

*Held*, 1. That the bringing into the state was no penal offense.

2. That the charge of encouragement, though it substantially follows the language of the statute, is too vague. The particular acts of encouragement should be stated.

APPEAL from the *Orange* Court of Common Pleas.

WORDEN, J.—Information against the defendant, charging that on, &c., at, &c., he did "unlawfully bring into the state of *Indiana*, and into *Orange* county, a negro woman, whose name is *Polin*, and then and there encouraged said negro woman to remain and continue here in *Orange* county, in the state of *Indiana;* contrary," &c.

A motion to quash the information was made and overruled, to which ruling exception was taken.

Plea, trial, and conviction; motion for a new trial overruled, and judgment.

The information is predicated upon § 7, ch. 74, 1 R. S. p. 375, which is as follows, viz.:

"Any person who shall employ a negro or mulatto who shall have come into the state of *Indiana* subsequent to the thirty-first day of *October*, in the year one thousand eight hundred and fifty-one, or shall hereafter come into the said state, or who shall encourage such negro or mulatto to remain in the state, shall be fined," &c.

It is insisted that the penal part of the above statute is unconstitutional and void, inasmuch as there is, as is claimed, an incongruous blending of civil rights and duties, and criminal liabilities, in the same statute, contrary to the fundamental provision that "every act shall embrace but one subject, and matters properly connected therewith." *The Indiana Central Railway Co.* v. *Potts*, 7 Ind. R. 681, is relied upon to sustain this position. We deem it unnecessary to express any opinion on this point, as the information is defective on other grounds. It may be remarked, however, that no constitutional questions of this character were raised or considered by the Court in the case of *Barkshire* v. *The State*, 7 Ind. R. 389.

It will be observed that neither the statute above cited, nor the thirteenth article of the constitution, makes it a penal offense for a person to bring a negro or mulatto into the state. A penalty is inflicted upon a negro or mulatto coming into the state contrary to the provisions of the act, and also upon a person employing such negro or mulatto, or encouraging such negro or mulatto to remain in the state.

All that is charged in the information as to the appellant's bringing the negro woman into the state, must be disregarded, as that constitutes no penal offense.

The information does not charge that the defendant employed the woman. It simply charges that he encouraged her to remain and continue in the state. This is charged substantially in the language of the statute; but that, in our opinion, is not sufficient. There might be a multiplicity of ways to encourage the woman to remain, and the specific acts of encouragement ought to be set forth, in or-

der that the defendant might know what particular charge he is bound to answer. There are many cases where it is not sufficient to describe an offense in the language of the statute creating it. Thus, for obtaining goods, &c., by means of false pretenses, it is necessary to set forth the particular pretense specifically. So in malicious trespass. *Vide The State* v. *Aydelott*, 7 Blackf. 157. In the case cited, the indictment charged that "the defendant did maliciously and mischievously injure, and cause to be injured, a certain house," &c. The Court say: "The description of the offense is too vague. It is true, that in describing the crime, the indictment adopts the language of the statute creating it. But this mode of setting out an offense is not always attended with the requisite certainty. * * The indictment under consideration should have shown the specific injury done to the house. This was necessary in order to apprise the defendant, with certainty, of the crime with which he was charged, and to enable him to plead the verdict in any future prosecution for the same offense." So in the case at bar, for the same reasons, the particular acts of encouragement should have been set forth in the information.

The motion to quash the information should have prevailed. From the view we take of the information, it will be unnecessary, and, indeed, out of place, to express an opinion upon a question involved in the motion for a new trial, and argued by counsel in this Court, as to the applicability of the thirteenth article of our constitution, and the law made in pursuance thereof, to the case of a slave owner residing in a slaveholding state, and passing through our state *in itinere* with his slave, or retaining him here for a temporary purpose merely.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Collins, D. W. Lafollette, J. Payne,* and *J. Cox,* for the appellant.