THE STATE v. GRIFFIN, *Appellant.*

**Pleading, Criminal**: DAM ACROSS WATERS OF STATE, ERECTION AND MAINTENANCE OF. The last clause of section 1, page 138, of the Laws of 1881, only makes it an offence to erect or maintain a dam across the waters of this state when the apron or chute thereof is so arranged as not to allow the passage of fish each way when the stream is swollen beyond its ordinary size, and an indictment under said clause which fails to allege these facts is fatally defective.

*Appeal from Christian Circuit Court.*—J. M. PATTERSON, ESQ., Special Judge.

REVERSED.

*Boyd & Delany* for appellant.

The law under which the indictment was drafted was repealed by act of the legislature.

*B. G. Boone*, Attorney General, for the state.

There is no bill of exceptions and the court will only examine the record proper. No error appearing in the record the judgment should be affirmed.

Norton, J.—The only question in this case is as to the sufficiency of the indictment. Omitting the formal parts of the indictment, it alleges that "at the county of Christian, Samuel Griffin did then and there unlawfully maintain across waters of this state, to-wit: James Fork of White river, a dam; that said James Fork of White river was not wholly upon the premises of him the said Samuel Griffin, and that the said Griffin did not then and there maintain an apron or chute on said dam so that fish could pass over such dam each way."

This indictment was evidently intended to be framed on section 1, Acts 1881, page 138, which is as follows:

"Every person who shall erect or maintain, or cause to be erected or maintained, in or across any of the waters of this state (unless said waters be wholly on his own premises) any dam or other obstruction, no matter for what purpose, and shall not place and maintain thereon an apron or chute not less than fifteen feet wide and sloping from each side to the center, so that the center shall be at least six inches lower than either edge, and having an inclination of not more than forty-five degrees, and so situated that the main current of water impeded in its natural flow by the dam or other obstruction shall pass over the same, or who shall not so construct or arrange such dam or other obstruction, that it shall be lowest at the point where the apron or chute shall be placed, and low enough for the free passage of fish over the same each way whenever the stream in which the same shall be situate shall be swollen beyond its ordinary size, shall be guilty of a misdemeanor, and shall be held to be guilty of a distinct offence each day he shall be in default as aforesaid."

The indictment in this case neither sets forth the offence created by the statute in the words of the statute, nor in equivalent words. The pleader evidently intended to frame the indictment on the last clause of

the section above quoted, and it is clearly deficient in not stating that the dam obstructed the passage of fish each way so that they could not pass when the stream was swollen beyond its ordinary size. It is an offence under this clause of the section only when the dam with its apron or chute is so arranged as not to allow the passage of fish each way when the stream is swollen beyond its ordinary size, and as the indictment does not allege the facts constituting the offence the judgment will be reversed All concur.