Filed Oct. 31, 1889.

---

No. 14,949.

## STROPES v. THE STATE.

CRIMINAL LAW.—*Criminal Statute.—Construction of.—Indictment.—Legislative Intent.*—Where a criminal statute is not to receive a construction as broad as the language used would seem to warrant, but is to be narrowed by construction, contrary to the general rule an indictment drawn in the language of the statute is not sufficient. The indictment must be drawn so as to effectuate the intention of the Legislature by which it was framed.

SAME.—*County Officers.—Embezzlement.—Indictment.—Insufficiency of.—Failure to Charge a Felony.—Motion to Quash.*—So, where an indictment in the language of the statute (Acts of 1883, p. 106), making it a felony for the county officers therein named to fail to pay over to their successors on demand all moneys remaining in their hands, charges a county treasurer with having failed to pay to his successor the funds remaining in his hands, without an allegation that such failure was either felonious or unlawful, the indictment is defective as not charging the failure to be felonious, and a motion to quash should be sustained.

From the Greene Circuit Court.

*W. W. Moffett, C. E. Davis, S. W. Axtell, A. G. Cavins* and *E. H. C. Cavins,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

COFFEY, J.—An act approved March 5th, 1883, Acts of 1883, p. 106, Elliott's Supplement, section 340, provides that it shall be the duty of each clerk, sheriff, and treasurer of the several counties in this State, and every other officer receiving money in his official capacity, at the expiration of his term of office, to pay over to his successor in office all moneys of every description, to whomsoever due, remaining in his hands at the expiration of such term, taking the receipt of such successor therefor; and any clerk, sheriff or treasurer so failing to pay over such moneys, or any successor, or clerk, sheriff or treasurer who shall fail to pay over any moneys to the parties entitled to receive the same; when called on so to do, shall be deemed guilty of embezzlement, and on conviction thereof shall be fined in any sum not exceeding one thousand dollars and be imprisoned at hard labor in the State prison not less than one nor more than five years.

Under the provisions of this statute, at the February term, 1889, of the Greene county Circuit Court, the grand jury of said county returned the following indictment against appellant, viz.:

"The grand jury of the county of Greene, in the State of Indiana, being duly impanelled, sworn and charged, upon their oaths, present that at said county of Greene, on the 4th day of November, 1884, one Edwin R. Stropes was then and there duly elected to the office of treasurer of Greene county, in the State of Indiana, for the term of two years ending on the 7th day of September, 1887; that the said Edwin R. Stropes was thereupon duly commissioned and afterwards, on the 7th day of September, 1885, gave bond, and on the 8th day of September, 1885, duly qualified and entered upon the duties of said office, and served as such treasurer until the 8th day of September, 1887; that on the 2d day of November, 1886, one James E. Bull was duly elected to the office of treasurer of said Greene county, in the State of Indiana, for the term and period of two years from said 7th day of September, 1887, and was afterwards

duly commissioned and gave bond, and on the 8th day of September, 1887, duly qualified and then and there entered upon the discharge of the duties of his said office as the successor of said Edwin R. Stropes, the then incumbent; that at the time of the surrender of said office to the said James E. Bull, to wit, on the 8th day of September, 1887, the said Edwin R. Stropes had in his hands, as such treasurer of Greene county, in the State of Indiana, the sum of fourteen thousand four hundred and fifty-nine dollars and forty-three cents ($14,459.43), which moneys had come into his hands by virtue of his said office, and which sum was then and there due from the said Edwin R. Stropes, as treasurer aforesaid, to his successor in office, the said James E. Bull, as treasurer of Greene county, Indiana, as aforesaid; that immediately after the said James E. Bull had entered upon the discharge of his duties, as such treasurer of Greene county, in the State of Indiana, he demanded of the said Edwin R. Stropes the said fourteen thousand four hundred and fifty-nine dollars and forty-three cents ($14,459.43), and demanded of him to pay over or account for all moneys which had come into his hands by virtue of the said office; that the said Edwin R. Stropes failed and refused and has ever since failed to pay over or account for the said fourteen thousand four hundred and fifty-nine dollars and forty-three cents ($13,459.43), or any part of it, contrary," etc.

The court overruled a motion to quash the above indictment, and the appellant excepted, and thereupon entered a plea of not guilty.

A trial of the cause by a jury resulted in a verdict finding the appellant guilty as charged, and fixing his punishment.

Over a motion for a new trial judgment was rendered on the verdict, from which he appeals to this court.

The first supposed error relied upon by the appellant for the reversal of the judgment against him is, that the court erred in overruling his motion to quash the indictment.

Stropes v. The State.

It is earnestly contended by counsel for the appellant that the indictment before us is defective, in that it fails to aver that the acts therein charged were done either unlawfully, fraudulently, or feloniously.

On the other hand, it is contended by counsel for the State that the indictment falls within the general rule that it is sufficient in charging a purely statutory crime to follow the language of the statute creating such crime.

As to whether it is sufficient in a case under the statute for the violation of which the appellant stands charged to charge the defendant in the language of the statute alone, depends upon the construction to be placed upon that statute. If an outgoing clerk, sheriff, or treasurer is to be deemed guilty of a felony for failing to pay over to his successor in office the money remaining in his hands, without regard to the surrounding circumstances or particular facts in the case, then it must follow that a charge against him in the language of the statute is sufficient, for it is undoubtedly the general rule that where a crime is created by statute, defining the offence created, it is sufficient in an indictment to charge the offence in the language of the statute. *State* v. *Bougher*, 3 Blackf. 307; *Pelts* v. *State*, 3 Blackf. 28; *Marble* v. *State*, 13 Ind. 362; *Malone* v. *State*, 14 Ind. 219; *Stuckmyer* v. *State*, 29 Ind. 20; *Shinn* v. *State*, 68 Ind. 423; *State* v. *Allisbach*, 69 Ind. 50; *Howard* v. *State*, 87 Ind. 68; *Toops* v. *State*, 92 Ind. 13; *State* v. *Miller*, 98 Ind. 70; *State* v. *Berdetta*, 73 Ind. 185; *Skinner* v. *State*, 120 Ind. 127.

But this general rule, like most others, has its exceptions. One of the well known exceptions is that where the terms of the statute are broader than the intent of the Legislature, the indictment must be so drawn as to effectuate the intention of the Legislature by which it was framed. *State* v. *Turnbull*, 78 Maine, 392; *Commonwealth* v. *Slack*, 19 Pick. 304; *State* v. *Griffin*, 89 Mo. 49; Moore Crim. Law, section 171; *Bates* v. *State*, 31 Ind. 72; Gillett Crim. Law, section

132; *Schmidt* v. *State,* 78 Ind. 41; *State* v. *Welch,* 88 Ind. 308; *Bowles* v. *State,* 13 Ind. 427.

In the case of *State* v. *Welch, supra,* it was said by this court : "It is a general rule, also, that it is sufficient to charge the offence in the language of the statute defining it ; but to this rule there are exceptions. One of these is where the statute is not to be taken in the broad meaning of the words used, but limited by construction to a special subject or matter, in which case the indictment should charge the crime so as to bring it within the construction placed upon the act." To the same effect are the cases of *Bowles* v. *State, supra,* and *Bates* v. *State, supra.*

The case of *Schmidt* v. *State, supra,* was a prosecution against the defendant for having in his possession, with intent to sell the same, diseased meat in violation of the provision of section 2070, R. S. 1881. This court, in commenting upon that statute and the information in that case, said : " The construction we place upon the statute is narrower than the general words. By construction, we limit the operation of the general words to cases where the accused had knowledge of the quality of the article, and where the sale made, or intended, was for food. In such cases it is not sufficient to charge the offence in the language of the statute."

It will thus be seen that where a criminal statute is not to receive a construction as broad as the language used would seem to warrant, but is to be narrowed by construction, an indictment drawn in the language of the statute will not be sufficient. In the light of this rule, we proceed to an examination of the statute now before us with a view of ascertaining the intent of the Legislature in its enactment. It is well known that it is the duty of a public officer charged with the receipt and disbursement of public funds to preserve such funds for the uses for which they were intended. Notwithstanding such known duty it frequently occurred that such officers, while in office, appropriated and converted the funds entrusted to them to their own use, which fact could

not well be known until a successor was elected and qualified and they were called upon to account, and until a criminal prosecution for such conversion was barred by the statute of limitations.

In contemplation of law, all moneys received by a public officer and not legally disbursed remain in his hands. Doubtless he could not be heard, when called upon by his successor for the funds remaining in his hands, to give as an excuse for not paying the same over that he had wrongfully converted the same to his own use. To permit him to excuse himself under such a plea would be to allow him to take advantage of his own wrong, a thing the law never tolerates. For a failure to account to his successor for funds thus wrongfully converted to his own use, we think he would clearly be liable to prosecution and punishment under the statute we are now considering. Again, at the time his successor is elected and qualified, he may have funds in his actual possession which he withholds with a view of appropriating the same to his own use and thus depriving the rightful owner of such funds. In that and, in perhaps, other cases he would be liable to prosecution under this statute. But if the funds which came into his hands were destroyed by the act of God, or if the safe in which he should place them should be robbed and the money stolen without his fault, or if he should deposit the same in a bank of good repute for solvency and they should be lost without his fault, or if in the disbursement of the funds he should make an honest mistake and pay out more than he should have paid, we do not think he would be liable to a criminal prosecution under this statute; and yet by the terms of the statute he would be liable. It is evident, therefore, that this statute is not to be construed in as broad a sense as its language would imply, and an indictment simply following its language is bad. We think that the indictment should have charged that the failure of the appellant to pay over to his successor in office the moneys remaining in his hands was felonious.

It is not even charged that it was unlawful. For a failure to charge that the appellant feloniously failed to pay over to his successor in office the money remaining in his hands the indictment before us is defective and should have been quashed.

Judgment reversed, with instruction to the circuit court to quash the indictment.

The clerk will give the usual notice to return the prisoner to the sheriff of Greene county.

Filed Nov. 2, 1889.