JOHN STEIL v. THE TERRITORY OF OKLAHOMA.

(Filed January 8, 1903.)

INDICTMENT—Sufficiency. An indictment for larceny which charges
that the property described in the indictment was taken with
the intent then and there, wilfully, maliciously and feloniously to
deprive the owner of the possession thereof, and which does not
charge that the property was taken with intent to deprive another
thereof, is not sufficient to charge the crime of larceny under the
Statutes of this territory.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before John
L. McAtee, Trial Judge.*

*C. A. McBrian, Ernest M. Bradley* and *John T. Bradley,*
for plaintiff in error.

*J. C. Strang, Attorney General,* for defendant in error.

STATEMENT OF FACTS.

At the October term of the district court of Blaine
county, Oklahoma Territory, John Steil, the plaintiff in error,
was tried by a jury upon an indictment found by the grand
jury of that county, the charging part of which indictment was
substantially in the following language:

"John Steil and Joe Steil, late of the county aforesaid,
on June 24, 1899, in the county of Blaine and Territory of
Oklahoma aforesaid, did, unlawfully, wilfully, stealthily and
feloniously, take, steal and carry away, from the possession of
one Ed Darrough, one set of leather harness, the property of
Ed Darrough, of the value of twenty-five dollars, and one set
of leather fly nets, the property of Seth Darrough, and in the
possession of Ed Darrough, of the value of two dollars, with

the intent then and there, wilfully, maliciously, and felo-niously, to deprive the owner of possession thereof, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of Oklahoma."

To which indictment the defendant, John Steil was ar-raigned and entered a plea of not guilty, and at the same time demanded a separate trial, which was granted. Afterwards, at the October term, 1900, to-wit on the 9th day of October in said year, said cause came on for trial before a jury, and the following verdict was returned by the jury:

"We, the jury, empaneled and sworn in this case, find the defendant guilty of the crime charged in the indictment.
                                    "JOHN HILL, Foreman."

The plaintiff in error filed a motion for a new trial, which was by the court overruled on October 13, 1900, to which rul-ing the plaintiff in error excepted; then plaintiff in error moved an arrest of judgment, and the district court overrul-ed that motion, and plaintiff in error took exceptions to such ruling. The court below, on the 13th day of October, 1900, rendered judgment against John Steil on that verdict, and sentenced him to nine months' imprisonment in the territor-ial prison commencing on the date of the rendition of judg-ment, to which the plaintiff in error excepted, and brings the case here for review. Reversed and remanded.

Opinion of the court by

IRWIN, J.: There are numerous assignments of error in this case, but we think it is only necessary to consider one, to-wit, the error assigned that the court overruled the motion in arrest of judgment. We take it that this indictment is drawn under the statute of the Territory of Oklahoma defining lar-

ceny, as it concludes with the language, "contrary to the form of the statute," which language clearly indicates that the prosecution is under a statute, and not the common law. (Hughes Criminal Law and Procedure, sec. 2755.)

"An indictment concluding 'contrary to the form of the statute,' clearly indicates a prosecution under a statute, and not the common law, and if there be no statute to cover the facts in the indictment, it will, on motion, be quashed. (*Town of Paris v. The People*, 27 Ill. 75.)

The language of our statute defining larceny as contained in section 2371, section 1, article 4, chapter 25, laws of 1893, reads as follows:

"Larceny is the taking of personal property, accomplished by fraud or stealth, and with intent to deprive another thereof."

Now it seems to us that the reading of this statute clearly indicates that the gist of the crime is the intent to deprive another of the property described in the indictment, and that this portion of the definition is material and a necessary part of the definition of larceny. Our statute does not make it larceny to deprive another of the mere possession of personal property, but it must be the intent to deprive the person of the property itself. There is a clear, well defined distinction in the law, between the right of possession of personal property, and the absolute right to the property itself; the one may exist entirely distinct and independent of the other.

One person may temporarily have the right of possession of personal property, and another person have the right of property, or of title. It is not always in the business affairs of life, that the owner of property at all times has the right of

possession. The right of possession may be temporarily disposed of, without disposing of or parting with the right of property. Now the wrongful or even felonious depriving of an owner of the temporary right of possession, may not be larceny within the meaning of our law. It seems to us that in order to make the mere charge of depriving the owner of possession of the property larceny, it would be necessary to go further and charge that the person was depriving the owner of possession, which was with the intent to convert the property so taken to the use or benefit of the person taking it. This might bring it nearer within the definition of the term steal, as known in common law.

This court in the case of *Jewell v. The Territory,* 4 Okla. 53, lays down the rule that an indictment must fully charge the crime and set out all that the law requires to be proved, and that the want of averment cannot be supplied by an independent finding of fact not alleged in the indictment.

Following the language of Chief Justice Dillon in the case of *State v. McCormick,* 27 Iowa, 402, where he says:

"There is no principle in the law of criminal pleading more reasonable in itself, and none better understood, than the one that the indictment must fully charge the crime; that it must set out all that the law requires to be proved, before the penalty of the law can be inflicted."

And in the case of *Parker v. The Territory,* 9 Okla. 109, this court says:

"An indictment charging felony must aver all the essential elements constituting the particular felony charged."

According to these decisions it seems to us the indictment is lacking in one very material allegation, to-wit, the allegation

that the property was taken with intent to deprive another thereof, which is material and necessary under the definition of larceny contained in our statute.

While the record does not disclose that this defect in the indictment was raised by a motion to set aside, or by a demurrer, we think it was sufficiently raised by a motion in arrest of judgment.

"The objects of the motion in arrest of judgment are to direct the attention of the trial court to substantial defects in the indictment, or to errors appearing on the face of the record proper." (Hughes Criminal Law and Procedure, sec. 3309; *State v. Koerner,* 51 Mo. 174; *State v. Miller,* 36 Ia. 158; *McClerkin v. State,* 20 Florida 879.)

In Bishop on Criminal Procedure, second edition, vol. 1, page 697, sec. 1108, we find the following language:

"In the King's bench at any time between the conviction and the sentence, or immediately at the assizes, the defendant may move the court in arrest of judgment. The causes on which this motion may be grounded, although numerous, are confined to objections which arise upon the face of the record itself."

And in the same section we find this language:

"But any want of sufficient certainty in the indictment respecting the time, place or offense, which is material to support the charge, as well as the circumstances of no offense being charged, will cause the judgment to be arrested."

And in support of this there cite: 4th Blackstone's Com. 375.

And in the following section of the same work, 1109, it is stated:

"It seems, however, to be a general rule, that, as criminal proceedings are not aided after a verdict, by any of the statutes of jeofails or amendments, any objection which would have been fatal on demurrer, will be equally so on arrest of judgment; and it is therefore usually reserved till this time, in order to obtain the chance of an acquittal."

And in the case of the *State v. Barnett,* 42 N. H. 466, Justice Woodward, delivering the opinion of the court, says:

"A fault which would have been fatal on demurrer cannot be cured by the verdict, and may be taken advantage of by a motion in arrest of judgment, * * * * The verdict in criminal cases does not cure substantial defects in the indictment."

This defect in the indictment being an omission of a material and necessary part of the definition of larceny as defined in our statute, we think it was clearly error of the court to overrule the motion in arrest of judgment; this being true, we do not deem it necessary to consider or discuss the other assignments of error.

For this reason the judgment of the district court is reversed with orders that the case be remanded and that the district court of Blaine county be instructed to grant the motion in arrest of judgment, and quash the indictment.

Burford, C. J.; dissenting; all the other Justices concurring.