## STATE OF INDIANA v. DAVIS.

[No. 24,082.   Filed October 25, 1922.]

1. INDICTMENT AND INFORMATION.—*Sufficiency.*—*Determination.* —The sufficiency or insufficiency of an indictment depends on whether the facts properly alleged in the indictment can be true, and the defendant yet be innocent of the offense intended to be charged against him; if he can be innocent the indictment is bad, and if he cannot the indictment is good.  p. 426.

2. FISH.— *Illegal Sale.*— *Indictment.*— *Sufficiency.*— An indictment, based on §2535 Burns 1914, Acts 1907 p. 86, charging that defendant unlawfully sold and offered for sale two bluegills, by then and there serving and causing to be served said

fish as part of a supper sold to a person named for 75 cents, did not sufficiently charge a sale of fish in violation of such section to be good as against a motion to quash.  p. 426.

3.  CRIMINAL LAW.—*Indictment.*—*Construction.*—*Uncertainty.*— An indictment that is dubious, or capable of more than one construction, is to be construed most strongly against the state, and all reasonable doubts arising on the indictment are to be given to the accused.  p. 426.

From Fulton Circuit Court; *Reuben P. Carr,* Judge.

Prosecution by the State of Indiana against Ostinell Davis.  From a ruling sustaining a motion to quash the indictment against defendant, the state appeals.  *Affirmed.*

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White and C. C. Campbell,* for the state.

WILLOUGHBY, J.—This is a criminal prosecution for alleged violation of §2535 Burns 1914, Acts 1907 p. 86. The section of statute charged to have been violated is as follows:

"Whoever shall sell or offer for sale any pike, pickerel, wall-eyed pike, perch, bluegills, black bass, green bass, rock bass, or other species of bass caught in any of the waters of this state, at any time, shall, on conviction, be fined five dollars ($5) for each fish caught, sold or offered for sale, and proof that any of the varieties of fish mentioned in this section were sold or offered for sale shall be considered *prima facie* evidence that said fish were caught in the waters of this state."

Based upon such section of statute the grand jury of Fulton county, Indiana, returned in the Fulton Circuit Court an indictment against Ostinell Davis.  The charging part of the said indictment being that on August 6, 1920, in and at said county and state aforesaid, the said Ostinell Davis—"did then and there unlawfully sell and offer for sale certain fish, to wit: two bluegills, by then and there serving and causing to be served said fish as

a part of a supper to one Jacob Havel, which said supper was then and there sold at and for the price of seventy-five cents, and which said fish were caught in the waters of the State of Indiana."

The defendant was arraigned on said charge and filed a motion to quash the indictment on the following grounds: "First, the facts stated in said indictment to not constitute a public offense. Second, the facts stated in said indictment clearly show that the supper was sold at and for the price of seventy-five cents and said indictment discloses the fact that the fish therein was served as a part of the supper but does not allege that said fish were sold as a part of the supper."

The motion to quash the indictment was sustained by the trial court, to which ruling the state by its prosecuting attorney excepted and the court, of its own motion, granted the State of Indiana leave to file an affidavit against said defendant. The State of Indiana declined to plead further and the court found that defendant should be discharged, and returned a judgment quashing the indictment and discharging the defendant.

From such judgment the state appeals, and assigns as error that the court erred in sustaining defendant's motion to quash the indictment.

The state, in its brief, sets out the section of statute alleged to have been violated, and refers us to a number of cases alleged to sustain its contention that the indictment was sufficient, and that the court erred in sustaining the motion to quash. We have examined all of the cases cited by the attorney-general, and find that they throw some light upon the question of how much proof would be required to sustain an indictment for a violation of the game laws in the several jurisdictions in which said decisions were rendered; but they do not throw any light upon the question of the sufficiency of

this indictment under consideration, as to charging a public offense under the statute quoted.

The constitution of this state provides that the defendant shall have a right to demand the nature and cause of the accusation against him. Art. 1, §13, Constitution.

In Ewbank, Criminal Law §281, it is stated that the substantial allegations necessary to make an indictment good at common law are still required under the code, and a criminal pleading must state all facts necessary to affirmatively charge that the criminal law has been violated, citing: *Dillon* v. *State* (1857), 9 Ind. 408; *State* v. *Record* (1877), 56 Ind. 107; *Shepherd* v. *State* (1876), 54 Ind. 25; *Howard* v. *State* (1879), 67 Ind. 401; *Littell* v. *State* (1893), 133 Ind. 577, 33 N. E. 417; *State* v. *Feagans* (1897), 148 Ind. 621, 48 N. E. 225; *State* v. *Buskirk* (1897), 18 Ind. App. 629, 48 N. E. 872; *Green* v. *State* (1900), 154 Ind. 655, 57 N. E. 637.

The sufficiency or insufficiency of an indictment may be tested by the answer to the following question: Can the facts, properly alleged in the indictment, be true, and the defendant innocent of the offense intended to be charged against him? If the answer must be in the affirmative, the indictment is bad; if in the negative, the indictment is good. *Stribbling* v. *State* (1877), 56 Ind. 79.

The indictment in the instant case charges the defendant with the commission of a certain act, or acts. It says that he served and caused to be served to one Jacob Havel, as a part of a supper, two bluegills; that said supper was then and there sold at and for the price of seventy-five cents, and said fish were caught in the waters of the State of Indiana. The indictment alleges that these acts constitute the sale of two bluegills by defendant to said Jacob Havel. If it be a fact that Jacob Havel carried two bluegills with

him to the defendant, and had them prepared by the defendant and served to said Jacob Havel, and that the price of the supper was seventy-five cents, and nothing was paid for the fish, then defendant would not, under that state of facts, be guilty of a violation of the section of statute alleged to have been violated. The language used in the indictment is capable of this construction.

An indictment that is dubious, or capable of more than one construction, is to be construed most strongly against the state, and all reasonable doubts arising on the indictment are to be given to the accused. *Littell* v. *State, supra.*

Applying the rule laid down in *Stribbling* v. *State, supra,* the indictment would not withstand a motion to quash, because, if all the facts stated in it and with which defendant is charged are true, still the law would not be violated, because there was no sale of the fish or offer to sell them alleged.

Judgment affirmed.

Townsend, J., absent.