## BURNETT *v.* STATE OF INDIANA.

[No. 25,231.   Filed May 14, 1929.]

*Martin L. Pigg* and *Earl Mann*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was prosecuted for transporting intoxicating liquor in an automobile. The affidavit was predicated on Acts 1925, ch. 48, §7, §2720 Burns 1926. He was found guilty by a jury, and judgment was rendered upon the verdict. He has appealed, assigning as errors that the court erred in overruling his motion to quash the affidavit and in overruling his motion for a new trial.

The affidavit, which was designated as "Affidavit for Transporting Intoxicating Liquor," omitting the formal

parts, is as follows: "Newman Guy being duly sworn upon his oath, says that one Walter Burnett, late of said County, on the 31 day of December, A. D. 1925, in the said county of Sullivan, and State of Indiana, did then and there unlawfully and feloniously have in his possession and under his control five pints of intoxicating liquor, to wit, red mule whisky for the purpose of transporting and did then and there transport said liquor in a certain automobile, to wit, Essex sedan, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana." Part of said §2720 Burns 1926, reads thus: "Any person who shall transport intoxicating liquor in or upon any wagon, buggy, automobile, water or aircraft, or in any other vehicle of any kind, shall be guilty of a felony. . . . Provided, however, that nothing herein contained shall affect the transportation of intoxicating liquor for such purposes and uses as are not unlawful." It is claimed by appellant that the affidavit should have been quashed for the reason that it did not charge that the appellant had unlawfully transported intoxicating liquor. In support of his contention, he relies upon the case of *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23, in which this court held that in an affidavit charging the transportation of intoxicating liquor under the act of February 26, 1923 (Acts 1923 p. 70), it was necessary to characterize the act as unlawful. In *Stropes* v. *State* (1889), 120 Ind. 562, 22 N. E. 773, it was decided that where an indictment in the language of the statute (Acts 1883 p. 106), making it a felony for the county officers therein named to fail to pay over to their successors on demand all moneys remaining in their hands, charges a county treasurer with having failed to pay to his successor the funds remaining in his hands, without an allegation that such failure was either felonious or unlawful, it is de-

fective. In that case, the court said that where a criminal statute is not to receive a construction as broad as the language used would seem to warrant, but is to be narrowed by construction, contrary to the general rule, an indictment drawn in the language of the statute is not sufficient, and the indictment must be drawn so as to effectuate the intention of the Legislature, by which the statute was framed. The statute upon which this prosecution was based includes the following statement: "That nothing herein contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not unlawful." It was, doubtless, the intention of the Legislature to make only the unlawful transportation of intoxicating liquor in an automobile or other vehicle a criminal offense. This court has held as follows: The sufficiency or insufficiency of an indictment depends on whether the facts properly alleged in the indictment can be true, and the defendant yet be innocent of the offense intended to be charged against him; if he can be innocent, the indictment is bad, and if he cannot, the indictment is good. *Stribbling* v. *State* (1877), 56 Ind. 79; *State* v. *Davis* (1922), 192 Ind. 423, 136 N. E. 843. Applying that principle, it must be held that the affidavit is not sufficient. In a few states, it has been held that the words "contrary to the form of the statute" in an affidavit or indictment are sufficient, without an allegation that the act was unlawfully done, but that rule has not been adopted in this jurisdiction. In *Stropes* v. *State, supra,* it appears that the indictment, which was not sufficient, concluded with the words "contrary," etc. As all crimes in Indiana are statutory, all prosecutions should be under the statute by which the offense is defined. *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353. An indictment concluding "contrary to the form of the statute" indicates that the prosecution is under a statute, and not the common law.

*Steil* v. *Territory* (1903), 12 Okla. 377, 71 Pac. 653.    If the affidavit had charged that the appellant had feloniously transported intoxicating liquor, it would have been sufficient, but it does not contain that allegation.    As the affidavit does not allege that the appellant feloniously or unlawfully transported intoxicating liquor, it was error for the court to overrule his motion to quash.

In the motion for a new trial, 45 causes are given and they are presented under eight specifications. From the evidence, the following facts appear:  The appellant lived in Terre Haute, where he was a constable. It was reported to Newman Guy, sheriff of Sullivan County, that there was a man coming down from Terre Haute bringing liquor to a dance hall at Wilfred, in Sullivan County, who would leave the liquor in his car, would take fellows out of the dance hall, go to the car, get something out and go down in the hollow, and had been doing that several times; and he would park his car near the door of the dance hall, and, before parking, he would turn the car around so it would be facing the road.    The sheriff received this information from a boy at Wilfred, from the owner of the dance hall, and from a deputy sheriff at Fairbanks.    The owner of the dance hall described the man who was bringing liquor there and said "he was a deputy sheriff out of Terre Haute." The deputy sheriff at Fairbanks informed the sheriff that Burnett was bringing liquor to the dance hall. The owner of the dance hall, on December 31, 1925, went to the jail at Sullivan and informed the sheriff that appellant would be at the dance hall that night, at which time the sheriff was there.    Between seven and eight o'clock, the appellant drove into the park where the dance hall was located, turned the automobile around about 15 feet from the door and backed it up against the side of the building.    After appellant got out of the automobile, the sheriff went up to him and asked him if

he had any liquor in the car. The appellant answered, "No," and said, "You are Newman Guy?" The sheriff said, "Yes." Appellant then said, "I am an officer out of Terre Haute." The sheriff then said, "Well, I have information you are hauling liquor in here and I want to look the car over." Appellant did not reply, and the sheriff had his deputy to look inside the automobile, and he found therein five pint bottles of whisky in a basket. The sheriff did not have a search warrant.

Appellant claims that the court erred in permitting the sheriff, as a witness for the State, to testify, over the objection of appellant, and in the presence of the jury, concerning information received by such witness from third persons and not in the presence of the appellant, which information pertained to acts and conduct of appellant which occurred previous to and were unrelated to the matter for which appellant was tried in this cause. And the appellant further contends that the court erred in permitting witnesses for the State to testify concerning information received by them by means of a search and seizure of appellant's automobile, when such search and seizure was made without a search warrant, and when there was no emergency or probable cause for making such a search.

Section 2748 Burns 1926 makes it the duty of an officer of the law who discovers any person in the act of transporting liquor in an automobile in violation of law to seize such liquor. In *Carroll* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, in speaking of a similar section of the Volstead Act, the court said: "The language of the section provides for seizure when the officer of the law 'discovers' any one in the act of transporting the liquor by automobile or other vehicle. Certainly it is a very narrow and technical construction of this word which would limit it to what the officer sees, hears or smells as the automobile rolls

by, and exclude therefrom, when he identifies the car, the convincing information that he may previously have received as to the use being made of it." Information from a credible source, together with facts known to or observed by the officers indicating that such information is correct, may constitute such reasonable and probable cause as will justify searching an automobile for intoxicating liquor without a warrant. *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62; *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *Carroll* v. *United States, supra; Brady* v. *United States* (1924), 300 Fed. 540; *Lafazia* v. *United States* (1925), 4 Fed. (2d) 817; *People* v. *Kamhout* (1924), 227 Mich. 172, 198 N. W. 831.

In *Hanger* v. *State, supra,* it was said by this court: "The state sought to prove what further and more exact information the sheriff had upon which he acted, but the court, under the mistaken assumption that the hearsay rule applied, refused to permit him to testify as to what he had been told other than as above set out." The part set out was that a deputy sheriff telephoned the sheriff as follows: "Those cars are in at Roshie's again." In *Morgan* v. *State* (1926), 197 Ind. 374, 151 N. E. 98, it was stated that there had been no showing of reliable information received by any of the officers then present. Credible information and facts indicating that same is true being sufficient upon which to base a search of an automobile for intoxicating liquor without a search warrant, it naturally follows that the evidence regarding said information was competent.

The evidence of the sheriff that he thought the appellant was under arrest before the search was not sufficient to show that an arrest was made before the search. In *Carroll* v. *United States, supra,* the court said: "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has

for belief that the contents of the automobile offend against the law." And in *Morgan* v. *State, supra,* this court said: "The reason for slightly relaxing the rule which ordinarily applies to a store, dwelling house and such like, by permitting the search of automobiles and other vehicles under certain circumstances without an official warrant, rests upon the fact that a vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." The sheriff's information, received from one of his deputies and from the owner of the dance hall, as to several former similar acts of appellant at that place, and the information from the owner of the dance hall that appellant would be there that night, can be regarded as credible information, as no attack was made on its credibility. There was also the circumstance that, on this occasion, as appellant had done at other times, he parked his automobile facing the highway, at his usual place. From the credible information which the sheriff had, and from the circumstances known to him at the time, he had reasonable and probable cause for believing that the automobile of appellant contained intoxicating liquor. The search of the automobile and the seizure of the liquor found therein without a search warrant was valid. It was not error to overrule appellant's motion to suppress the evidence, as it was obtained by a lawful search and seizure.

Appellant says that the court erred in failing to instruct the jury on its own motion that the jury might find the appellant guilty of illegal possession of intoxicating liquor. While the affidavit shows that the appellant had possession of intoxicating liquor, yet it is clear that the offense charged was the transportation of intoxicating liquor. An instruction on the subject of possession was not necessary. Instruction No. 1, given by the court on its own motion, was erroneous, as there was

no charge that he had unlawfully transported intoxicating liquor.

The judgment is reversed, and the cause remanded to the lower court, with directions to sustain appellant's motion to quash the affidavit.

Martin, C. J., concurs, but believes that the words "contrary to the form of the statute," etc., in the affidavit should be held sufficient to charge that the act was "unlawful," as was done in *State* v. *Tibbetts* (1893), 86 Me. 189, 29 Atl. 979; *People* v. *Stricker* (1912), 170 Ill. App. 485; *Commonwealth* v. *Twitchell* (1849), 4 Cush. (Mass.) 74, and *McCaskill* v. *State* (1908), 55 Fla. 117, 45 So. 843. He points out that since no common-law offenses exist in this state (all crimes and misdemeanors being fixed by statute and not otherwise, §2400 Burns 1926), such words are unnecessary as a phrase to distinguish between statutory and common-law crimes, and that the words should be given their plain, ordinary meaning, which is the equivalent of "unlawful."