NORMAN ROBERT LANGUELL *v*. STATE OF INDIANA.

[No. 270S25. Filed March 15, 1971. Rehearing denied April 28, 1971.]

166

*Joseph A. Williams,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of first degree burglary as defined in Burns Ind. Stat., 1956 Repl., § 10-701. Trial by jury resulted in a verdict of guilty as charged. The appellant was sentenced to not less than ten nor more than twenty years in the Indiana State Reformatory.

The record in this case discloses the following facts:

On or about the 22nd day of February, 1969, Jerome Zinn resided at 601 West Sherwood Terrace in the city of Fort Wayne. This residence was the home of Mr. Zinn's parents, who were in Florida on the date in question. Jerome Zinn stated that he left home between 6:00 and 7:00 P.M. and returned around 10:30 or 11:00 P.M. Upon his return, he discovered that the garage door was off its hinges and a window had been broken. The garage was attached to the house and entry could be made from the garage into the house. Upon seeing the damage, Mr. Zinn went to the home

of a neighbor and telephoned police. Investigation disclosed a Sony television set, a bottle filled with pennies and various other items were missing from the home.

One Samuel Bolden testified in behalf of the state that on the same evening between 8:00 and 11:00 P.M. he was at the C & W Automotive Clinic; that the appellant entered and sold him the Sony television set which was identified as the one taken from the Zinn residence. Bolden testified he paid the appellant $25.00 for the set.

On the 27th day of February, the appellant was arrested by the Fort Wayne police. At that time he signed a written waiver of his constitutional rights and made an oral confession. On March 4, he signed a written confession.

Appellant testified in court that he did in fact break and enter into the Zinn residence, but that this activity occurred between 6:30 and 7:00 P.M. in the evening and that it was still daylight at the time. In his signed confession the appellant had stated that the time of the breaking was approximately 9:00 P.M. He testified that he did not notice the time when he signed the confession, and that it was in error.

Appellant's sole contention on this appeal is that the trial court erred in refusing to give instructions numbered 16 and 20 relating to the crime of housebreaking in the daytime with the intent to commit larceny as defined in Burns Ind. Stat., 1956 Repl., § 10-705, which crime carries the much lesser penalty of either ten days to six months in the county jail or one to fourteen years in the State Prison.

It is appellant's contention that the jury had a right and duty to consider what he claims to be a lesser included offense of first degree burglary. However, we do not agree with appellant's contention that the crime of daylight burglary is an included offense in the crime of first degree burglary.

At common law it was necessary to allege that first degree burglary occurred at night. However, under our present statutory definition it is not necessary to allege that the crime was

committed at night. The two statutes in question read as follows:

Burns Ind. Stat., 1956 Repl., § 10-701 (a):

"Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Burns Ind. Stat., 1956 Repl., § 10-705:

"Whoever, in the daytime, breaks and enters into any dwelling-house . . . with intent to commit the crime of larceny, shall, on conviction, be imprisoned in the county jail not less than ten [10] days nor more than six [6] months, or in the state prison not less than one [1] year nor more than fourteen [14] years."

It will be noted that the difference between the two statutes is that the latter applies to a daytime breaking only and a breaking in which the crime intended was a larceny, whereas in the former the breaking may be at any time with intent to commit any felony. In the case at bar the appellant was charged with breaking and entering the Zinn residence with the intent to steal the goods and personal property of Abe M. Zinn. If we assume for the sake of argument that the proof established the breaking to have occurred during the daylight hours then either statute could have been used by the state in the prosecution. However, this does not mean that the statute carrying the lesser penalty is necessarily an included offense. This Court has previously stated:

" '. . . to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser.' "

*Watford* v. *State* (1957), 237 Ind. 10, 15, 143 N. E. 2d 405.

In the instant case the offense charged contains all of the elements set out in either statute. A failure of proof on any essential element would defeat prosecution under either statute. In discussing this situation this Court has previously stated:

"It has long been settled that it is the province of the Legislature to define criminal offenses and to set the penalties for such criminal offenses. There are many factual situations where a charge could be brought under one of several different statutes. Indeed, on some occasions, charges have been brought in alternative counts with the different counts being based upon different criminal statutes. It is sufficient if the indictment or affidavit charges and the evidence proves an offense under a statute, even though the charge might have been brought under a different statute providing a lesser penalty. 15 I.L.E. Indictments and Affidavits § 41-42, p. 563; *Morgan* v. *State* (1926), 197 Ind. 374, 151 N. E. 98; *Myers* v. *State* (1883), 92 Ind. 390." *Durrett* v. *State* (1966), 247 Ind. 692, 696, 697, 9 Ind. Dec. 111, 219 N. E. 2d 814.

The appellant, of course, could not have been sentenced and convicted under both statutes upon the single factual situation. This is not a case of a single act constituting more than one crime as we found in *Von Hauger* v. *State* (1969), 252 Ind. 619, 18 Ind. Dec. 641, 251 N. E. 2d 116. This is a single crime, i.e., a burglary committed in daylight with intent to commit larceny. It may be prosecuted under either but not both statutes.

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 377.