WILLIAM T. DUNN *vs.* SAMUEL J. LOWE.

Bristol.    October 25, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Lobsters. Fish and Game Commissioners. Statute,* Repeal by implication. *Words,* "Suspected places."

The provision of R. L. c. 91, § 91, that any one of the commissioners on fisheries and game or their deputy "may search in suspected places for, seize and remove lobsters which have been unlawfully taken,.held or offered for sale," when the portion of it relating to searches still was in force, did not give authority to take without a warrant sacks containing lobsters from the hands of a person carrying them, against the will of such person, for the purpose of opening the sacks and measuring the lobsters.

The provision of R. L. c. 91, § 91, that any one of the commissioners on fisheries and game or their deputy "may search in suspected places for, seize and remove lobsters which have been unlawfully taken, held or offered for sale," so far as it relates to searches, has been superseded and repealed by implication by St. 1904, c. 367, covering the whole subject of searches by a commissioner or deputy commissioner on fisheries and game for game or fish believed to be taken or held in violation of law.

TORT, alleging that the plaintiff was the owner and in possession of two sacks of lobsters and that the defendant forcibly and against the will of the plaintiff seized and opened the sacks and searched them without right. Writ dated September 13, 1907.

The answer, after a general denial, alleged that the defendant is a duly qualified deputy fish and game commissioner, and at the time of the acts alleged in the plaintiff's declaration was acting in the due process of law and within his right as such deputy commissioner.

In the Superior Court the case was submitted to *White*, J., upon an agreed statement of facts, setting forth the facts which

are stated in the opinion. The judge, stating that the parties desired to test the constitutionality of the statute in question and the right of the defendant to search without a warrant, made a *pro forma* finding for the defendant, and ordered judg-. ment thereon. The plaintiff appealed.

The case was submitted on briefs.

. *W. B. Perry, L. W. Jenney & G. H. Potter,* for the plaintiff.

*D. Malone,* Attorney General, *& F. B. Greenhalge,* Assistant Attorney General, for the defendant.

KNOWLTON, C. J. The plaintiff was engaged in the business of taking, buying and selling lobsters. The defendant is a deputy of the commissioners on fisheries and game of the Commonwealth. The plaintiff was carrying by hand, through the streets of New Bedford, two sacks securely tied, containing lobsters. He had just received them from a common carrier, and had not opened them. It was not unlawful for him to take, hold or offer for sale these lobsters. The defendant met the plaintiff, and suspecting that the lobsters in the sacks had been taken, held or offered for sale unlawfully, and acting under the R. L. c. 91, § 91, he seized and opened the sacks, searched them, and removed the lobsters and measured them, all against the objection and protest of the plaintiff and without a search warrant, and then returned them to the sacks. These facts appear by an agreed statement; and the question of law presented is whether the plaintiff can recover for the alleged wrong.

The provision of law under which the defendant seeks to justify his conduct is the R. L. c. 91, § 91, as follows: "For the purpose of enforcing the provisions of section eighty-eight, any one of the commissioners on fisheries and game or their deputy or any member of the district police may search in suspected places for, seize and remove lobsters which have been unlawfully taken, held or offered for sale."

The first question is, what is the scope of the words "search in suspected places for." In the present case the lobsters were in the manual possession of the plaintiff. They were taken from his person. They were in his hands, and had the protection of his personal, manual control. We do not think authority to search in suspected places gives a right to seize property that is upon the person or in the hands of another, and to take it from

him for the purpose of examining the contents of a receptacle which is seized while in his hands and which is taken from his person against his will. The statute does not contemplate or authorize such a violation of personal rights. It is directed to an examination of places, rather than to a direct interference with the person of one under suspicion, with a view to an inspection of articles held in his hands. This view of the statute leaves the defendant without justification for what he did.

Since this occurrence the St. 1908, c. 255, has been enacted, under which, in such a case, a commissioner may request the suspected person to forthwith display for inspection the fish, birds and animals then in his possession, and may arrest him without a warrant if he refuses.

The St. 1904, c. 367, purports to cover the whole subject of searches by a commissioner or deputy commissioner on fisheries and game for game or fish believed to be taken or held in violation of law. Seemingly it was intended to relieve the subject of constitutional objections that might be made to searches under the R. L. c. 91, § 91. See Constitution of Massachusetts, Declaration of Rights, art. 14. *Fisher* v. *McGirr,* 1 Gray, 1. This later statute includes searches for lobsters, and supersedes, and repeals by implication, so much of § 91, relied on by the defendant, as relates to searches. It is therefore unnecessary to consider the constitutional question discussed at the argument.

> *Judgment for the plaintiff for damages to be assessed by the Superior Court.*