Jokosh v. State, 181 Wis. 160.

JOKOSH, Plaintiff in error, vs. THE STATE, Defendant
in error.

*May 7—June 5, 1923.*

*Searches and seizures: Taking bottle from person without warrant:
Constitutional law.*

1. Where a bottle, later found to contain intoxicating liquor, was
   taken from the person of defendant forcibly and against his
   will and without a search warrant for his person, there was
   an unlawful search and seizure under secs. 8 and 11, art. I.
   Const.; and it was immaterial that a warrant had been issued
   for a search of the premises where defendant was employed,
   or that the officers saw the bottle before they seized defendant
   and thought that it contained intoxicating liquors, as was
   later found to be the fact, a search not being made lawful
   by what is ascertained after it is made. · Since it is not un-
   lawful to have a bottle in one's possession, the search could
   not be justified on the ground that the person searched was
   committing an unlawful act and hence could be lawfully
   searched.

2. That the enforcement of the constitutional guaranties against
   unlawful searches and seizures will result in defeating en-
   forcement of the prohibition law is immaterial, the constitu-
   tional provisions being paramount.

ERROR to review a judgment of the municipal court of
Milwaukee county: S. E. SMALLEY, Acting Judge. *Re-
versed.*

Plaintiff in error, called the defendant, was charged
with having intoxicating liquor in his possession and was
convicted and sentenced. It appears that on October 22,
1922, he was in charge of a place for the sale of soft drinks,
operating under a Class A permit, at 417 State street, Mil-
waukee, owned and run by one Pecha, who held the license.
In the absence of the defendant two United States prohibi-
tion officers and a member of the police force of Milwaukee
entered the place and a few minutes later Police Officer
Czernia entered, having a search warrant for 417 State
street. There is no dispute in the evidence as to the facts.

Jokosh v. State, 181 Wis. 160.

The manner in which the police came into possession of a bottle of intoxicating liquor which constituted the evidence against him is thus described by federal prohibition agent Dorr:

"Agent Currie [a federal prohibition agent] and myself were the first to enter the barroom, and we walked down to the end of the bar waiting for Officer Czernia, who had the search warrant. And, as soon as Officer Czernia came in the defendant came in from the rear right entrance, and as soon as he saw Mr. Czernia, Officer Czernia told him he had a search warrant, and he reached for his right rear pocket. We were about, I should judge, about two paces from him, and when he reached for his right rear pocket I grabbed him by the left arm and Agent Currie by the right; and the bottle as I turned him round, you could see what he was grabbing for, the bottle stuck out of his rear pocket. All I did was to pull it out."

Defendant objected to the receipt of the bottle and contents in evidence on the ground that it was unlawfully obtained from him by means of an unreasonable and unlawful search and seizure, but the objection was overruled. To test the legality of his conviction he sued out a writ of error from this court.

*A. W. Richter* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Shaughnessy,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

VINJE, C. J. It will be seen from the statement of facts that the bottle was taken from the person of the defendant forcibly and against his will and without a search warrant for his person, thus constituting a search and seizure within the condemnation of sec. 8, art. I, and of sec. 11, art. I, of the constitution. *Dunn v. Lowe,* 203 Mass. 516, 89 N. E. 1046.

The rule is thus stated in 24 Ruling Case Law, 717:

"An unreasonable search is an examination or inspection without authority of law of one's premises or person with a view to the discovery of stolen, contraband, or illicit property, or for some evidence of guilt to be used in the prosecution of a criminal action."

The search in question satisfies the call of this definition; that is, it was made without authority of law, no search warrant for the person of the defendant having been issued, and it was made for the purpose of discovering contraband property to be used in the prosecution of a criminal action. Search warrants issue for the inspection of both places and persons, and one issued for the search of premises owned or leased by A. cannot be a justification for the search of the person of B. though he is employed in or has charge of such premises.

But it is claimed that the search was not unreasonable because the officers saw the bottle before they seized the defendant and had good grounds for believing that the bottle contained intoxicating liquors. The trouble with the argument is that it would permit such officers to seize and search every person whom they found in possession of a bottle. The fact that in this case it did contain intoxicating liquor could not legalize the search if unlawful in the beginning and before the nature of its contents was ascertained. A search must be lawful in its entirety. It is not made lawful by what is ascertained after it is made. *U. S. v. Slusser,* 270 Fed. 818. Officers of the law have a right to know before the search is instituted whether or not it is lawful. They are not required to take the chances of responding in damages to the person searched if it turns out that no contraband goods are found. The law is based upon the safer and saner ground that if there is probable cause to believe that a person is in possession of contraband goods a search warrant will issue. But it is a judicial question as to when there is probable cause, hence a proper magistrate must

determine it.   When it is held there is and a warrant issues, the warrant protects the officers making the search.   They are not left to the chance of being mulcted in damages if they fail to find contraband goods.   The state has no right to subject its peace officers to such a penalty by saying "A search is lawful if you find contraband goods but unlawful if you do not find them.   Enforce the law and take your chance."   The constitutional guaranty protects persons and places from such a haphazard procedure by requiring the issuance of a search warrant upon due proof before a search can lawfully be made.

Since it is not unlawful either as a misdemeanor or as a felony to have a bottle on one's person, the search cannot be justified on the ground that the person searched was committing an unlawful act and hence could be lawfully searched. It is also said that, if searches such as this cannot be made, the prohibition law cannot be enforced.   This may be true in part or it may be true in whole.   The answer is that an article of the constitution having its origin in the spirit if not in the letter of the Magna Carta prevents it, and that it is the duty of the court to sustain and enforce the constitution in its entirety, and not to permit what may seem to be presently a desirable mode of procedure to annul such fundamental portions of our organic law as the freedom from unlawful searches.   The importance of such a provision may be lost sight of in times of peace in a well organized and well administered state, but in times of stress or dissensions its value is as great as those who inserted it in the constitution conceived it to be.

The question is fully treated and the authorities discussed in the case of *Hoyer v. State,* 180 Wis. 407, 193 N. W. 89, recently decided, and nothing need be further added except to state that the case comes well within the rules there announced.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge the defendant.