CAMALLO, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 10—June 3, 1924.*

*Criminal law: Intoxicating liquors: Arrest without warrant: Subsequent search on valid warrant: Liquor found on search as evidence.*

Though the accused was arrested and jailed on suspicion without a warrant, the subsequent search of his suitcase for whisky on a valid search warrant, and his arrest, were legal, and liquor obtained on the search was properly introduced in evidence in a prosecution for unlawful transportation. p. 285.

ERROR to review a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Affirmed.*

*Leonard P. Baumblatt* of Racine, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Thorwald M. Beck,* district attorney of Racine county, and *J. Allan Simpson* and *G. E. Smalley,* assistant district attorneys; and the cause was argued orally by *Mr. Simpson* and *Mr. Messerschmidt.*

CROWNHART, J.    The plaintiff in error, herein called the defendant, was convicted in the municipal court of unlawfully transporting intoxicating liquor contrary to the provisions of sub. (3), sec. 165.01, Stats.   He brings the case here for review on the sole ground that the trial court admitted in evidence, over his objection, liquor obtained from a suitcase which he had in his possession when he was arrested.

It appears that on the 23d of September, 1923, a police officer of Racine observed the defendant sitting on the lot at the corner of North Main and Kewaunee streets in said city.   The defendant had with him a suitcase and appeared

Camallo v. State, 184 Wis. 284.

to be waiting for a street car. He was accosted by the officer, who arrested him without a warrant on suspicion that he was violating the prohibition law, and took him to the city jail and locked him up. The officer took possession of the suitcase. This was on Sunday. On Monday morning the officer procured a search warrant authorizing him to search the suitcase of the defendant. This the officer did, and found in the suitcase the proscribed liquor, which was introduced in evidence on the trial over the objection of the defendant. A warrant for the arrest of the defendant was then duly issued and served.

It is claimed by the defendant that the search and seizure of the liquor were in violation of his constitutional rights, and that the case is ruled by *Allen v. State,* 183 Wis. 323, 197 N. W. 808; *Hoyer v. State,* 180 Wis. 407, 193 N. W. 89; *Jokosh v. State,* 181 Wis. 160, 193 N. W. 976. It should be observed that this is not a case of false arrest. The fact that the defendant was arrested and detained without a warrant is not in issue. His suitcase was not searched until the officer had procured a search warrant for that purpose. The search was therefore legal, his subsequent arrest on a duly issued warrant was legal, and the liquor obtained upon the search was properly taken and introduced in evidence. *Hester v. U. S.* 44 Sup. Ct. 445 (decided May 5, 1924).

*By the Court.*—The judgment and sentence of the municipal court are affirmed.