Vejih and wife, Plaintiffs in error, vs. The State, De-
· fendant in error.

*September 20—November 11, 1924.*

*Searches and seizures: Warrant issued without finding of probable
cause: Goods obtained through search by consent: Goods
taken against objection: Introduction in evidence: Prejudicial
error.*

1. A search warrant not issued by a magistrate on findings of
   probable cause is void.   p. 22.
2. Goods obtained by officers in the search of a garage with the
   consent of a tenant in possession were lawfully obtained and
   were competent in evidence against the lessors of the prem-
   ises.   p. 22.
3. Goods not obtained either under a lawful search warrant or upon
   a search by consent cannot be received in evidence against
   defendants in criminal cases.   p. 22.
4. Even if it were proper to receive competent evidence to show
   that defendants were in the habit of receiving stolen goods,
   it was prejudicial error to receive in evidence, against ob-
   jection, stolen goods taken from the home of the defendants
   without lawful search warrant and against the protests of
   one of the defendants.   p. 23.
5. While it is probable that the jury might have convicted the
   defendants upon the competent evidence in the case, the
   judgment is reversed because of the improper introduction
   both of testimony relating to other crimes and of goods not
   lawfully in the possession of the prosecuting officers.   p. 23.

Error to review a judgment of the municipal court for
the Western district of Waukesha county: Newton W.
Evans, Judge. *Reversed.*

The plaintiffs in error, hereinafter called the defend-
ants, are husband and wife and were convicted of receiv-
ing stolen property which was obtained in a burglary of a
store in Hartland, Wisconsin, known as the Bau store.
Upon conviction they were sentenced to serve four years
in the state prison at Waupun.   To test the correctness of
the judgment and sentence they sued out a writ of error to
this court.

The cause was submitted for the plaintiffs in error on the briefs of *A. W. Richter* of Milwaukee, and for the defendant in error on the brief of *Allen D. Young,* district attorney of Waukesha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

VINJE, C. J.   It appears from the evidence in the case that a part of the goods stolen from the Bau store was taken to the home of the defendants and a part of them was taken from such home and brought to a garage in the city of Milwaukee in possession of a tenant of the defendants.   This garage was searched by officers of the city of Milwaukee under a search warrant which was void because not issued by a magistrate upon findings of probable cause. *State v. Baltes,* 183 Wis. 545, 198 N. W. 282.   But at the time of the search the tenant of the defendants in possession of the garage told the officers they might search for stolen goods, and under the rulings of our court the goods obtained in this search of the garage were lawfully obtained by the officers and were competent in evidence against the defendants.   But it also appears that the officers went to the home of the defendants and there, against the protest of the wife, searched the premises and secured a large amount of goods which it is claimed were stolen from the Bau store and also goods stolen from other places. Upon the trial the goods found in the garage as well as goods found in the home of the defendants claimed to have been stolen from the Bau store and from other places were, against the objection of the defendants, received in evidence.   This was clearly prejudicial error.   Goods not obtained lawfully either under a lawful search warrant or upon a search by consent cannot be received in evidence against defendants in criminal cases.   *Hoyer v. State,* 180 Wis. 407, 193 N. W. 89; *Jokosh v. State,* 181 Wis. 160, 193 N. W. 976.   The objection to the evidence was timely. *State v. Warfield,* 184 Wis. 56, 198 N. W. 854.   It is claimed by the State that such evidence may be received to show the

criminal intent of the defendants, that is, that they were in the habit of receiving stolen goods and therefore that the goods in question were received by them knowing them to be stolen. Even if it were proper to receive competent evidence for such a purpose, the evidence offered was clearly not competent because it had not been obtained in a lawful manner; therefore it was not competent upon any subject touching the issues before the court and jury. The prejudicial nature of the receipt of such evidence is too apparent to need discussion. While it is probable that the jury might have found the defendants guilty upon the competent evidence introduced, we cannot say that the introduction of such a vast amount of testimony relating to other crimes and the introduction of goods not lawfully in possession of the officers did not have its due part in the consideration of the jury and in their conclusion that the defendants were guilty. Because of the receipt of such incompetent evidence the judgment must be reversed and the cause remanded for a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial. The warden of the state prison will deliver the defendants to the sheriff of Waukesha county, who will hold them in his custody until discharged by due process of law.