**A. C. CARTER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 19734.

United States Court of Appeals
Fifth Circuit.

March 6, 1963.

W. O. Cooper, Jr., Macon, Ga., for appellant.

Truett Smith, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before JONES and BELL, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge.

Appellant Carter was tried without a jury under a two-count indictment for the possession and transportation of non-tax-paid whisky, in violation of Sections 5205(a) (2) and 5604(a) of Title 26 U.S.C. He was found guilty on both counts and sentenced to two years on count one, and placed on probation for three years on count two to begin when released from the sentence on count one.

Appellant made a timely motion under Rule 41(e) of the Federal Rules of Criminal Procedure to suppress the seized contraband and all the evidence relating to its taking and seizure. The motion was consolidated for trial with the other issues in the case. The appellant offered no evidence and rested his case upon his motion to suppress. He here complains that the trial court erred in denying his motion and in finding him guilty.

About 3:45 p. m. to 4:00 p. m., on Saturday, September 16, 1961, appellant was driving a 1955 black two-door Chevrolet automobile with the number "11" prefix on the tag, easterly along U. S. Highway 80, toward Macon, Georgia, accompanied by one Walt Booker. Treasury Agent, William W. Williams, was driving west on Highway 80 and recognized appellant as they passed. Williams turned around and attempted to stop appellant by blowing his siren. Appellant stepped on the gas. After a thirteen-mile chase, Williams succeeded in stopping him. During the pursuit Booker made his escape.

A search of the 1955 Chevrolet disclosed 23 gallons of nontax-paid whisky. This was seized and appellant was placed under arrest. He contends that the search and seizure was invalid due to the fact that no arrest warrant or search warrant was first obtained and that the arrest and seizure was without probable cause.

Agent Williams had stopped and searched appellant's car on at least three prior occasions, the first occasion being in 1960, when he was driving a white Pontiac. Based on a different source of information, Williams thereafter stopped him twice in the 1955 Chevrolet,[1] one of which searches had occurred only three weeks prior to the search here involved, and all of which were waterhauls.

Three days before the instant search, Williams had received information from the same original source as that upon which the two previous searches of the 1955 Chevrolet had been made that appellant would be headed toward Macon, on U. S. Highway 80, on the following Saturday afternoon. He was also given information as to the name, make, model and color of the car appellant would be driving. He was already acquainted with this car and knew that the tag bore a number "11" prefix. Williams conceded that he had ample time and opportunity to get a search warrant, that he made no attempt to that end, and with the information he had he knew of no reason why he could not have obtained one, except that he was not waiting for or expecting appellant at the time he passed him, but was on the way to check a still.

Agent, George D. Ferguson, through whom the information, originally received from an informer, was passed to Williams, admitted that he himself had made no attempt to procure a search warrant, although with the information he had he knew of no reason why he could not have done so; and admitted further that he knew of no corroborating evidence other than the informer's informa-

---

[1] There is some inconsistency in Williams's testimony as to the number of times he had stopped appellant. This conclusion is based on his versions at pages 27 through 30 of the record.

tion. Williams claimed that he had certain background information as to appellant's record and reputation for liquor violations, but conceded that the only reason he had for stopping him and seizing the car and making the search on the occasion in issue was his reliance upon the information received from Ferguson three days previously.

With ample time and opportunity but with no effort to obtain a search warrant, the prosecution relies on the totality of circumstances as furnishing probable cause justifying the search, seizure and arrest without a warrant.

■ Probable cause does not exist unless the facts and circumstances within the knowledge of the officer, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in the belief that nontax-paid liquor was being transported in the automobile which he stopped and searched. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Emite et al. v. United States, 5 Cir., 15 F.2d 623.

> " 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De Armit, 99 Pa.[St.] 63, 69, quoted with approval in the Carroll opinion. 267 U.S. at page 161, 45 S.Ct. at page 288, 39 A.L.R. 790. * * * it has come to mean more than bare suspicion." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ No search or arrest is made proper retroactively by what is found after the search or arrest. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; United States v. Di Re, 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed. 210. In Wong Sun v. United States, 83 S.Ct. 407, it was held that a vague suspicion could not be transformed into probable cause for arrest by reason of ambiguous conduct (flight) which the arresting officers themselves had provoked. "That result," the Court added, "would have the same

essential vice as a proposition we have consistently rejected—that a search unlawful at its inception may be validated by what it turns up."

■ Information of the same nature obtained from the same informer had on two previous occasions been demonstrated to be without value. Yet relying on the same source of information, this third search was undertaken. Even before this, information from still another source likewise proved to be without value. Nothing about the operation of the vehicle or its appearance when first seen by Williams preceding the chase betrayed the presence of contraband. In the light of these facts, the credibility of the informer and the trustworthiness of his information rested on no more than the mere credulity of the arresting officer.

The record fails to disclose a totality of circumstances, divorced from bare suspicion, in which a finding of probable cause could be grounded.

In Clay v. United States, 5 Cir., 239 F.2d 196, 204, this Court said:

> " * * * while the ease and practicability of obtaining the warrant of arrest or to search, Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, is no longer an invariable rule of thumb, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, availability of the safeguards afforded by an impartial, judicial magistrate is a factor bearing on reasonable, probable cause. * * * "

The failure of the officers to obtain a search warrant for this particular search is consistent with a conclusion that they believed that any such search would be as futile as those already made. The search and seizure did not meet the Constitutional test of reasonableness.

The trial court erred in denying appellant's motion to suppress. Without the evidence encompassed by the motion, the finding of guilty cannot stand. The trial court is directed to vacate its judgment of guilty and to acquit the appellant.

Reversed and remanded.