176 So.2d 53

**William McCURDY**

**v.**

**STATE.**

**5 Div. 639.**

Court of Appeals of Alabama.

March 23, 1965.

Rehearing Denied April 13, 1965.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

Walker & Hill, Opelika, for appellant.

JOHNSON, Judge.

The appellant, William McCurdy, was indicted by the Grand Jury of Lee County for transporting prohibited liquors in quantities of five gallons or more. Appellant was tried on June 1, 1964, upon a plea of not guilty, and the jury found appellant guilty as charged in the indictment.

Before any trial proceedings were held, appellant filed a motion to suppress five glass jars and their contents, on the ground that this evidence was obtained by an unreasonable search of an automobile which the State claimed was driven by appellant shortly before the search.

The trial judge heard evidence on the motion to suppress, the tendencies of which were as follows: On June 20, 1963, Lieutenant James Pearson, a police officer for the City of Auburn, Alabama, was traveling west on a road within the police jurisdiction of Auburn when he met a green and white Ford traveling in the opposite direction at a high rate of speed. Pearson recognized the driver of the Ford at that time as the appellant, McCurdy, and also knew the car to be McCurdy's. Pearson turned his car around and pursued the appellant. At one time the appellant was driving at a speed of sixty to seventy miles per hour. Soon, the appellant turned into a private driveway and

stopped his car in the yard behind the house of one Theopilus Pittman. Pearson was apparently driving so fast that he was unable to turn into the driveway, so he stopped beyond, backed up to, and entered the driveway.

As Pearson drove up the driveway he saw the appellant and another man, who he did not recognize at that time, get out of the Ford. Appellant went to the back of the Ford and it appeared to Pearson that appellant was trying to open the trunk of the car. As Pearson approached the appellant, the other occupant of the car ran from the scene into the woods. Pearson got out of his car and pursued the appellant. Mr. Pittman, who was at a barn behind his house, pursued the other man. The appellant ran towards Auburn, and Pearson did not see him again until he was arrested in Auburn later that same day. The man pursued by Pittman stopped when Pittman yelled, "Halt, don't run." Lewis Barnett was arrested by Pearson some fifty to seventy-five yards behind Pittman's house, or fifty to seventy-five yards from the green and white Ford. Pearson testified that he first recognized Barnett upon seeing him in some bushes behind Pittman's house, where he arrested Barnett. Pearson put Barnett in the police car and called the police station by radio and asked for help. Barnett remained in the police car during the transaction which followed.

Before help arrived, Pearson looked in the green and white Ford, tried to open the trunk, then entered the car through a door and removed the back seat of the car, and found two sacks behind the seat which contained jars or jugs filled with a white liquid. Pearson took the sacks and jars from the car and confiscated them. Ten minutes had elapsed since appellant had run from the scene. Chief Fred Hammock, of the Auburn Police Department, arrived at the scene just as Pearson was taking the jars from the car.

Neither Pearson nor Hammock had a warrant to search the Ford. The appellant was not present during the search, and

Barnett was being held in the police car. Pearson testified that he found nothing in the Ford until he removed the back seat. One of the sacks found in the car contained two one-gallon jugs and the other sacks contained three one-gallon jugs. Hammock testified that he examined the contents of the jugs and that they contained moonshine whiskey.

The trial judge overruled the motion to suppress.

Evidence presented by the State during the trial included a repetition of the testimony heard on the pretrial motion to suppress, and the State introduced in evidence the five jars and their contents. The appellant interposed timely objections to testimony concerning these jars on the ground that they were the products of an unreasonable search and seizure, and he also interposed an objection on the same ground when the physical evidence was offered. All of these objections were overruled. The State offered evidence which tended to show that the jars contained more than five gallons of moonshine whiskey at the time they were taken from the automobile.

■ The prohibition of the Fourth Amendment to the Federal Constitution against unreasonable searches and seizures is applicable to the states through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

■ To meet the burden cast on it, the prosecution may justify the search of an automobile without a search warrant by establishing (1) that there was prior probable cause for belief that the automobile contained articles which by law are subject to seizure, and (2) that the procuring of a search warrant was impracticable because of an imminence of escape or loss of evidence. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

■ What are the facts in the instant case upon which a finding of probable cause must be based? Officer Pearson ob-

served an automobile traveling at a high rate of speed; he recognized the driver of the automobile to be appellant, and recognized the automobile as appellant's; he pursued the automobile and followed it onto private property; when approaching the automobile after it had stopped, Pearson saw the appellant and a passenger get out of the automobile, and saw appellant attempt to open the trunk thereof; and then Pearson saw appellant and his passenger run into the woods. From these facts we conclude that a belief by Officer Pearson that appellant's automobile contained evidence subject to seizure would be based on mere suspicion and not probable cause. Carroll v. United States, supra; Carter v. United States, 5th Cir., 314 F.2d 386; United States v. Cotter, D.C., 80 F.Supp. 590.

The Attorney General contends that the search and seizure was justified as incidental to the arrest of Barnett. Admittedly, there is no indication that Barnett committed any crime, but it is argued that since there is no evidence in the record about the validity of his arrest, his arrest must be presumed to be valid. In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, we find:

"It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Weeks v. United States, 232 U.S. 383, 392, [34 S.Ct. 341, 344, 58 L.Ed. 652] (1914); Agnello v. United States, 269 U.S. 20, 30, [46 S.Ct. 4, 5, 70 L.Ed. 145] (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, Carroll v. United States, supra, 267 U.S., at 158, [45 S.Ct. 287, 69 L.Ed. 543], and, to an extent depending on the circumstances of the case, to the place where he is arrested, Agnello v. United States, supra, 269 U.S., at 30, [46 S.Ct. at 5, 70 L.Ed. 145]; Marron v. United States, 275 U.S. 192, 199, [48 S.Ct. 74, 77, 72 L.Ed. 231] (1927); United States v. Rabinowitz, 339 U.S. 56, 61–62, [70 S.Ct. 430, 433, 94 L.Ed. 653] (1950). The rule allowing contemporaneous searches is justified, for example by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime— things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. Agnello v. United States, supra, 269 U.S., at 31, [46 S. Ct. at 5, 70 L.Ed. 145]."

■ Assuming, as the Attorney General argues, that the arrest of Barnett was lawful, the circumstances of this case lead us to the conclusion that a search of the trunk of appellant's automobile was not incidental to such arrest. Barnett was arrested at a point distant from the automobile, and the automobile was not within his immediate control.

■ Further, general exploratory searches are not tolerated. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374.

■ The record in the instant case lacks any indication of what Officer Pearson was looking for in appellant's automobile. Assuming that the arrest of Barnett was lawful, it does not appear what crime he committed, and this court cannot assume that he committed a crime of which there are fruits or implements subject to seizure. To justify a search and seizure as inciden-

tal to a lawful arrest, it must appear that the search and seizure had some reasonable relation to the offense for which the arrest is made.

 The search of the trunk of appellant's automobile cannot be justified on the ground that Officer Pearson was looking for weapons of escape. This search was quite obviously not for the purpose of disarming a prisoner or preventing an escape. To consider all searches for weapons incidental to an arrest as reasonable *per se* would permit wholesale fishing expeditions whenever an arrest is made.

It appears that the search in the instant case was for the purpose of a general exploration for whatever might turn up.

[9] We conclude that the search and seizure was unreasonable and that the court erred in overruling the pretrial motion to suppress and in admitting evidence obtained as a result of the search.

The exclusion of the prohibited liquor from being placed in evidence will make a future trial unnecessary. The judgment of the lower court is reversed and judgment is here rendered discharging appellant.

Reversed and rendered.

PRICE, P. J., not sitting.

CATES, Judge (concurring).

By way of dictum I should like to add the following observation:

Again we must deprive society of the fruit of a search because of the mode of picking. Yet a reading of Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, shows that the States were amply forewarned of the probability of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081.

Had the defendant persisted at the trunk of the car, there would have been an exposure such as we found in Thompson v. State, 41 Ala.App. 353, 132 So.2d 386, to obviate the need of a search warrant.

It occurs to me that on the issue of probable cause under the Carroll rule, if a jury is withdrawn or if a pretrial motion to suppress is heard by the judge alone, it would be relevant for the State to show *recent* convictions for violating the liquor laws. Such evidence alone would not suffice but with some other relevant evidence that the defendant was then and there hauling contraband—not merely speeding —then the State could, prima facie, justify an emergency opening of an automobile trunk.

Thus viewed it strikes me that Mapp v. Ohio, supra, while it has not made the policeman's life a happier one, still affords many avenues to get incriminating evidence without breaching the Constitution.