231 So.2d 918

**James B. EATON**

**v.**

**STATE.**

**4 Div. 11.**

Court of Criminal Appeals of Alabama.

Jan. 13, 1970.

Rehearing Denied Feb. 24, 1970.

Smith & Smith, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and W. Mark Anderson, III, Spec. Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted by a jury for transporting prohibited liquors in quantities of five gallons or more in violation of Tit. 29, § 187, Code of Alabama, 1940. His sentence was three years in the penitentiary.

Before trial appellant filed a motion to suppress five gallons of "moonshine" whiskey, alleging that it was seized as a result of an illegal search. The trial judge heard testimony on the motion to suppress and ruled the search legal.

The evidence tended to show that on October 1, 1966, Agent Lamar Hadden and Supervisor A. B. Hudson, both employed by the Alcoholic Beverage Control Board of the State of Alabama, were riding in their automobile on Houston Street in the City of Dothan. Agent Hadden testified that he saw appellant getting into an automobile near Branches' Grocery Store; that he knew appellant; and further that he knew appellant did not have a driver's license and that the license plate on the automobile which appellant was driving was improper. We quote from a portion of Agent Hadden's testimony:

"Q. * * * Then tell us what happened after you pulled in behind him?

"A. I pulled in behind him and followed him for a couple or three blocks. I put my red light on him. When I put my red light on him, he sped up and started racing down through the Baptist bottom over there. He wrecked his car at the intersection of West North Street and North Alice. He wrecked his car there. We followed him on through Baptist bottom and back around North Lena Street. He cut up through those apartment houses, went across the lawn of the apartment houses; went on then back up Walnut Street four or five blocks and wrecked his car again. He ran into a '65 Ford in the 700 block of Walnut Street, and just a few feet from that he jumped out of the car and ran.

"Q. And then what did you do—you was following him all this time?

"A. Yes, sir, I was following him all this time.

"Q. And after he ran, you pulled up to where the car was left?

"A. Yes, sir.

"Q. And was anyone in the car when you got there?

"A. Yes, sir.

"Q. What did you do then?

"A. We checked with Mary Jones there who was in the car. She didn't seem to be hurt. We looked in the back seat of the car and there was two empty four gallon Dr. Pepper cartons sitting in the back seat of the car. And at that time we got the key out of the ignition and opened the trunk up and there was four cartons back there. There was two

cartons that had—one carton had two gallons and the other carton had three gallons in it, and there was two empty Dr. Pepper cartons in the trunk.

"Q. Now, the time you got the key out of the car, he wasn't around, was he?

"A. No, sir.

"Q. He had left the automobile and the only person there was a Mrs. Mary Jones, is that right?

"A. That's right.

"Q. Now, at the time you got the key out of the car, did you have a search warrant?

"A. No, sir.

"Q. And the defendant was not under arrest, was he?

"A. No, sir.

"Q. And you found five gallons of moonshine whiskey, is that right?

"A. Yes, sir."

It was stipulated by the district attorney and the defense counsel that Police Officer Miley would testify that he arrested appellant approximately fifteen minutes after he had abandoned his automobile. This was after the search.

Agent Hadden testified that when he turned on the red light, his intention was to arrest appellant for having an improper license plate.

Agent Hadden further testified that he had arrested appellant on previous occasions for violating the prohibition law. There was no testimony as to the number of arrests nor was it shown whether appellant was convicted as the result of any of these arrests.

During the trial the State presented evidence substantially the same as that heard on the pre-trial motion to suppress. Appellant interposed timely objections to testimony concerning the jugs of moon-shine whiskey, contending that they were the product of an unlawful search and seizure. All of these objections were overruled.

In McCurdy v. State, 42 Ala.App. 646, 176 So.2d 53, cert. denied, 278 Ala. 710, 176 So.2d 57, a case very much like the present one, this court stated:

"To meet the burden cast on it, the prosecution may justify the search of an automobile without a search warrant by establishing (1) that there was prior probable cause for belief that the automobile contained articles which by law are subject to seizure, and (2) that the procuring of a search warrant was impracticable because of an imminence of escape or loss of evidence. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543."

The State contends that Dr. Pepper cartons on the back seat of appellant's automobile, coupled with his flight and appellant's reputation for being involved in illicit liquor transactions, was a sufficient basis upon which Agent Hadden could base a finding of probable cause that appellant had prohibited liquors in the trunk of his automobile.

Dr. Pepper cartons are not, per se, incriminating. The record is not entirely clear as to what kind of Dr. Pepper cartons and jugs these were; however, we presume that any individual may purchase containers for non-alcoholic beverages at retail outlets.

The fact that appellant ran after the second collision is consistent with flight to avoid prosecution for traffic offenses, including leaving the scene of an accident, which under certain circumstances can amount to a felony.

[1–3] In determining whether there is probable cause to search, the law does not permit us to consider the fruits of the search. Admittedly, the other facts known to Agent Hadden might arouse his suspicion, but suspicion alone will not justify

a search. From the record before us, we conclude that Agent Hadden did not have probable cause to search the trunk of appellant's automobile.

The State further contends that this was a search incident to a lawful arrest. After the second collision, appellant fled from the scene to be arrested by other police officers fifteen minutes later at some distant place. The search was completed prior to appellant's arrest. No other arrests were made. Furthermore, it is extremely doubtful whether a search incident to a lawful arrest could extend to the trunk of his automobile even if appellant had been arrested at the scene of the collision. *McCurdy*, supra; Chimel v. California, 393 U.S. 958, 89 S.Ct. 404, 21 L.Ed.2d 372.

Because of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, this whiskey cannot be used as evidence against appellant in a future trial. Therefore, the judgment of the circuit court is reversed and judgment is here rendered discharging appellant.

Reversed and rendered.