289 So.2d 812

**Johnny SMITH**

v.

**STATE.**

**8 Div. 298.**

Court of Criminal Appeals of Alabama.

June 12, 1973.

Rehearing Denied June 29, 1973.

No brief from appellant.

William J. Baxley, Atty. Gen., Montgomery, and P. B. McLauchlin, Jr., Sp. Asst. Atty. Gen., Ozark, for the State.

BOWEN SIMMONS, Supernumerary Circuit Judge.

Appellant, also referred to herein as defendant, was indicted and convicted by a jury of Madison County for unlawfully possessing heroin, against the peace and dignity of the State of Alabama. The trial court, after due and proper allocution, fixed defendant's punishment at fifteen years imprisonment in the penitentiary of Alabama. No attorney appears here for appellant. He was represented by counsel in the trial court.

It appears in the transcript that one Bobby Eddy, a narcotics officer for the Sheriff's Office of Madison County, procured from Circuit Judge David Archer of Madison County a valid search warrant which authorized him to search Apartment 11, 2503 Rawlins Drive, Huntsville; and also the person of Andrew Carpenter who occupied the apartment. Officer Eddy and three companion officers proceeded in the evening of August 28, 1971, to make the search at which time they found some heroin and narcotics paraphernalia on the premises and on the person of Carpenter, who was arrested therefor.

While the officers were proceeding to search the apartment and had already found contraband on Carpenter's person, at about 10:50 P.M., a knock was heard at the door of the apartment. One of the officers admitted the defendant, who was escorted to the presence of Officer Eddy. The latter asked the visitor for an identification. Responding thereto defendant was making an effort to produce the identification when Officer Eddy asked him "to hold it just a minute." Then Officer Eddy proceeded to search him. "His billfold was in his pocket. In the right rear pocket were three cellophane packages." The state toxicologist later determined that the packages contained heroin.

The record shows that after the packages were found on defendant's person, Officer Eddy placed him under arrest. The record fails to show that defendant was guilty of any offense that justified his detention or search. He, for aught appearing, was a visitor to the premises and was a stranger to the officers. He was not named in the search warrant and so far as the record indicates was not a suspect of any unlawful offense. There was nothing in his appearance or conduct to indicate criminality.

Officer Eddy further testified that prior to the completion of the search he had not placed the defendant under arrest, and further that he did not go to the apartment looking for the defendant but went there to search the apartment. Defendant testified that he went to the apartment to see a friend. Absent in the record is any probable cause on the part of Officer Eddy for believing that defendant possessed heroin on his person. It was purely a routine search without any lawful authority therefor.

Amendment IV of the Constitution of the United States reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Of like import is Article 1, § 5, Constitution of Alabama, 1901.

We do not think that the search of defendant was authorized by either constitutional provision, supra. The search impinged upon defendant's constitutional rights and was unreasonable and without probable cause. Defendant as noted above was a stranger at the time, was not even a suspect involving the commission of any offense, was not named in the search warrant, and was not in the apartment when the officers arrived and began their search of the premises and Carpenter. There was nothing to indicate by his conduct or appearance that he possessed a weapon or was about to produce one. He was in the process of obeying Officer Eddy's order to produce an identification when the order was abruptly countermanded and the search of his person began.

It appears in State v. Jokosh, 181 Wis. 160, 193 N.W. 976, that Jokosh was convicted of having intoxicating liquor in his possession. He was convicted and sentenced. The liquor was taken from defendant's person and against his will and without a search warrant for his person. It was held that the search and seizure was unlawful, and it was immaterial that warrant had been issued for search of premises where he was employed, or that the officers saw the bottle before they seized defendant and thought that it contained intoxicating liquors, as was later found to be the fact, for a search is not made lawful by what is ascertained after it is made; and, since it is not unlawful to have a bottle in one's possession, the search could not be justified on the ground that the person searched was committing an unlawful act, and hence could be lawfully searched.

In that case the Supreme Court further observed:

"It is also said that if searches such as this cannot be made the prohibition law cannot be enforced. This may be true in part or it may be true in whole. The answer is that an article of the Constitution having its origin in the spirit if not in the letter of the Magna Charta prevents it, and that it is the duty of the court to sustain and enforce the Constitution in its entirety, and not to permit what may seem to be presently a desirable mode of procedure to annul such fundamental portions of our organic law as the freedom from unlawful searches. The importance of such a provision may be lost sight of in times of peace in a well-organized and well-administered state, but in times of stress or dissensions its value is as great as those who inserted in the Constitution conceived it to be."

The trial court committed reversible error in not sustaining defendant's motion to exclude all the evidence on the ground that the search of defendant was unlawful and the seizure of the heroin unconstitutional.

In Eaton v. State, 45 Ala.App. 464, 231 So.2d 918, it is stated:

"In determining whether there is probable cause to search, the law does not permit us to consider the fruits of the search. Admittedly, the other facts known to Agent Hadden might arouse his suspicion, but suspicion alone will not justify a search. From the record before us, we conclude that Agent Hadden did not have probable cause to search the trunk of appellant's automobile."

We observe parenthetically that Officer Eddy executed an affidavit, the basis of

the search warrant, before the trial judge in the instant case, and thereby procured a search warrant signed by said judge authorizing the search of Carpenter and his premises, and incidentally relied upon by the officer to search defendant. Also, a fellow officer brought the contraband to the judge and sought his advice as to what should be done with it. The judge instructed the officer to take it to the state toxicologist.

We pretermit consideration of the propriety of a circuit judge presiding over the trial of a case which involves the validity of a search warrant which he issued.

The foregoing opinion was prepared by Honorable Bowen Simmons, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

DeCARLO, J., dissents.

DeCARLO, Judge (dissenting).

I do not find the search of this appellant to be an unreasonable search and seizure, and for this reason, I respectfully record this dissent.

The affidavit upon which this search warrant was issued reveals that out of five persons on the premises, three were using narcotics or marijuana. Officer Eddy had previously arrested one of the five on a drug charge and had knowledge that another was a drug user. The informer who furnished the basic information for the affidavit, also stated, ". . . they claim to be short on 'H' (Heroin) but there would be some in by Friday night." This knowledge, along with the paraphernalia and narcotics found, would indicate activity in drug traffic.

The officer executing a search warrant should have the right to search anyone coming into the premises at the time, in order to protect himself.

Appellant voluntarily came into surroundings where a search was being conducted. Under the circumstances, Officer Eddy had probable cause to believe appellant might be a participant, and a failure to search him would have been a neglect of duty.

The execution of search warrants in narcotics cases is a risky business, and unless the police search all persons entering the premises, they not only jeopardize the search, but most importantly, endanger themselves.

When appellant entered the premises, a deputy guided him to the back of the room where Officer Eddy asked him for his name and identification. As appellant started to reach in his hip pocket, the officer stopped him. At this point, a well-trained police officer would instinctively realize the inherent danger of permitting this man to reach in his own hip pocket. Certainly there was a possibility that appellant might have a concealed weapon, and the officer was justified in conducting the search.

The officer need not be absolutely certain that the individual is armed. The issue is whether a reasonably prudent man would be warranted in his belief that his safety or that of others was in danger. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

The United States Constitution prohibits unreasonable search, but the search of Johnny Smith, under the circumstances of this case, cannot be so classified.