300 So.2d 837

**James Ray McDONALD**

v.

**STATE.**

**5 Div. 169.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Rehearing Denied Aug. 13, 1974.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Larry R. Newman, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Possession of heroin: fine, $25,000 and sentence fifteen years in the penitentiary.

McDonald's possession was found after he was searched pursuant to a warrant. The affidavit to get the warrant read in pertinent part:

"That on this date, May 15, 1972, your affiant and detective Fred Davis of the Opelika Police Department observed Tommy Frank Hare as he was being processed into the Lee County Jail at Opelika, Alabama. While undergoing the processing, the said Tommy Frank Hare was removing his clothing when your affiant and Fred Davis observed a

syringe and needle drop from the said Tommy Frank Hare's undergarments. Your affiant examined the said syringe and needle and found it to contain a reddish substance. Your affiant at said time also observed a needle mark on the groin of the said Tommy Frank Hare and blood on his shorts.

"Immediately prior to this, the said Tommy Frank Hare had requested your affiant to go to an automobile he said he had driven today from Birmingham to Opelika, and tell his friend in the automobile to come into the Sheriff's office to see about making his bond. He described his automobile as being a black over bronze 1968 Nova Supersports Chevrolet automobile with his friend in it by the name of James McDonald. I then went to the automobile he described and found his friend, James McDonald, in the automobile. The automobile was parked in the parking lot of the Lee County Sheriff's Office and bore 1972 Alabama License Number 1C–1358.

"A preliminary examination was made on this date of the substance contained in the syringe and needle which dropped from the person of Tommy Frank Hare by the State Department of Toxicology and was determined to be heroin, a narcotic drug.

"Based on these facts, your affiant has probable cause to believe that there are narcotics or other illegal controlled substances in the aforesaid automobile in which the said Tommy Frank Hare traveled in from Birmingham to Opelika, Alabama."

First, the probable cause belief in the last paragraph extends only to the automobile and not to McDonald's person.

Second, regardless of the validity vel non of the post hoc ergo propter hoc reasoning underlying the conclusion that narcotics were in Hare's car, we think the additional leap to tar McDonald with the same brush defies all common sense, logic

and law. Guilt by association without more is not part of our jurisprudence. Smith v. State, 292 Ala. 120, 289 So.2d 816, affirming Smith v. State, 52 Ala.App. 114, 289 So.2d 812 (1973).

The judgment below is reversed and the cause remanded for new trial.

Reversed and remanded.

All the Judges concur.